THE TOWN OF SHEBOYGAN VS. THE SHEBOYGAN AND FOND DU LAC RAILROAD.COMPANY and others.

| 21 | 667 |
| 77 | 297 |
| 21 | 667 |
| 85 | 128 |
| 21 | 667 |
| 97 | 415 |

TOWNS: *Right to restrain obstructions causing injury to highways and bridges.*—INJUNCTION *against certain acts refused until their illegality determined at law.*

1. Whether a town receives such special damage from obstructions in a stream causing injury to public bridges and highways within said town (which, by our statutes, it is bound to keep in repair), as gives it a separate right of action to remove or restrain such obstructions, *quære.*

2. Where it is not clear that the acts of the company defendant in obstructing said stream are not authorized by its charter, that question must be determined against it by an action at law before it will be restrained by injunction.

APPEAL from the Circuit Court for *Sheboygan* County.

Action for an injunction. The defendants appealed from an order overruling a demurrer to the answer. The substance of the complaint is stated in the opinion.

*J. A. Bentley*, for appellant, to the point that the case made in the complaint is that of a public nuisance, indictable but not actionable, cited 4 Blacks. Comm., 167–8, and note ; Willard's Eq., 391 ; *Cornell v. Turnp. Co.*, 25 Wend., 365, 368. There is no such remedy as this at common law, and the statute has not given such an one, but has given another to another party,

viz: the overseer of highways. R. S., ch. 19, sec. 125. To the point that the town had no such interest in the highway and bridges therein as to enable it to maintain the action, counsel cited *Milwaukee v. M. & B. R. R. Co.*, 7 Wis., 85.

*J. H. Jones*, for respondent, contended that the town has sufficient interest in the property injured to entitle it to bring this action. It is in possession of these roads and bridges, and is liable for any damage or injury arising from their imperfect condition. Sec. 120, ch. 19, R. S. It has paid damages for laying out these roads through private property, and so acquired a sufficient interest therein. Sec. 66, ch. 19, R. S.; sec. 12, ch. 54, Laws of 1861. Plaintiff's interest is certainly equal to that of a tenant for life, yet the grantee of tenant for life may maintain such an action (*Kane v. Vanderburgh*, 1 Johns. Ch., 11); so a mortgagee, legal or equitable. *Watson v. Hunter*, 5 Johns. Ch., 169; *Ensign v. Colburn*, 11 Paige, 503.

COLE, J. The object of this action is to prevent by a perpetual injunction the railroad company and its employees from placing or erecting any more piles, posts, timbers or other obstructions in the Sheboygan river, at the railroad bridge constructed where the track crosses that river in the town of Sheboygan; and further, to have removed the piles, posts, timbers and other obstructions already placed in the river at that point by the company. It is alleged in the complaint, that these obstructions greatly hinder the natural flow of the water through and under the span of the railroad bridge, and in times of high water cause the waters to dam up and flow back in such a manner as to overflow, greatly injure and destroy a public highway of the town located a short distance above the railroad bridge, near the river; and also in such a manner as to greatly injure and destroy bridges belonging to the town, built across the river above the railroad bridge; by means whereof the town sustains great loss and damage, and passage and travel

over the bridge and along the public highway are greatly hindered and obstructed. The complaint was demurred to on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and an appeal taken from the order overruling it.

The main objection taken here to the complaint is, that the injuries complained of are of a public nature, affecting alike the people of the state, and not causing any special or peculiar injury to the town of Sheboygan, and hence constitute a common or public nuisance. And it is said that the town cannot maintain an action in equity to redress these injurious acts, but that the remedy is by indictment on behalf of the state; or by a special action brought by the overseer of highways of the road district within which the injuries are committed, as provided by section 125, chap. 19, R. S. 1858.

It is very questionable whether, upon principle or authority, the town would be entitled to a perpetual injunction to restrain the commission of acts which constitute a public nuisance, unless it shows that it sustains some special injury from those acts not common to the public in general or to large classes of the community. For when the act complained of is injurious to the whole state and not specially so to the rights of an individual, the general remedy is by a prosecution or action on behalf of the state. For, says Blackstone, "it would be unreasonable to multiply suits by giving every man a separate right of action for what damnifies him in common only with the rest of his fellow citizens." Book 4, 167. But when the wrong, besides being a public nuisance, is specially injurious to a person, then he may maintain an action or suit in equity for an injunction in his own name. See *Milhau v. Sharp*, 27 N. Y., 611; *Doolittle v. Supervisors of Broome Co.*, 18 id., 155, and cases referred to in notes to Waterman's Eden on Injunctions, chap. 11, pp. 259 et seq.

It is not very obvious upon what ground the town places its

right to an injunction in this case. The material facts stated, as entitling it to the relief asked, are those already referred to, where it is alleged that the company, by placing in the bed of the river posts, timber, piles &c. in a certain manner, so obstructs the flow of the water under the railroad bridge, as to cause it to flow back over the public highway, endangering and injuring the road and the bridges belonging to the town, and thereby damnifying the town. In other words, the facts stated would seem to show merely an ordinary case of an injury to a highway by obstructing a water course. Of course, this might constitute only a public nuisance. But whether the town suffers an injury distinct from that of the public in general, is not so obvious from the allegations of the complaint. Our statute imposes upon towns the obligations of keeping in repair all public highways and bridges within their respective limits. The town, therefore, has an interest of a certain kind in preventing acts destructive of a public highway within its limits, not common to the people at large. But whether this legal duty to keep to keep the highways within its limits in repair, enlarges the remedies of the town, and makes an act injurious to the state generally likewise specially injurious to the town, so that it can maintain an action in its own name for redress, is a serious question. It may be said that the acts of the railroad company, while they constitute a public nuisance, include a peculiar injury against the town in consequence of the legal obligation to repair the road and bridge when washed away or destroyed. In the case of *The City of Milwaukee v. Mil. & Beloit R. R. Co.*, 7 Wis., 85, it was held that the city had not such an interest or property in the streets and public squares across and along which the defendant company proposed to and was building its road, as to enable the city to maintain an action to enjoin or restrain the company from such construction of its road, and this too although the charter imposes upon the

city the duty of keeping its streets in a proper condition to accomodate the traveling community. It seems to me that case has a strong bearing on the question as to the right of the town to have an injunction to restrain the commission of the acts complained of.

But assuming that the town does suffer some special injury in consequence of the overflow of the public highway and bridge, not common to the whole community, and then, even, upon the facts stated, we are of the opinion that no injunction should be granted until by an action at law it is established that the acts of the company are not authorized by its charter. In the case of the *Mohawk Bridge Co. v. The Utica and Schenectady R. R. Co.*, 6 Paige, 554, Chancellor WALWORTH says: "If the thing sought to be prohibited is in itself a nuisance, the court will interfere to stay irreparable mischief, where the complainant's right is not doubtful, without waiting for the result of a trial. But where the thing sought to be restrained is not in itself noxious, but only something which may according to circumstances prove to be so, the court will refuse to interfere until the matter has been tried at law by an action." There it was claimed that the railroad company was constructing its bridge across the Mohawk river in such a manner as would endanger the security and existence of the bridge belonging to the bridge company, besides disturbing the bridge company in the enjoyment of its franchises and property. And the chancellor laid down the above rule in the case as to when a court of equity will interfere by injunction. The case there presented is certainly quite as strong, if not much more so, than the one made out by the complaint before us.

In this case, we therefore think, no injunction should issue until, at least, by an action at law, the acts of the company are shown to be illegal and not authorized by its charter.

*By the Court.*—The order of the circuit court overruling the demurrer is reversed, and the cause remanded for further proceedings according to law.