## Durning vs. Burkhardt.

JUDGMENT: PRACTICE. (1) *When judgment entered.* (2) *Power of court over its judgment, at subsequent term.* (3) *Abatement of mill dam; ruling of court construed.* (4) *Merits not considered on appeal from order correcting judgment.*

In a common law action to recover damages for the flowage of plaintiff's land by a dam across a navigable stream, and also to *have the dam abated,* the court held (as shown by its minutes) that after a specified date the dam was a lawful structure (under an act of the legislature), and that plaintiff could recover in this action only for damages prior to that date, and must sue under the mill dam law for subsequent damages. The clerk, after the term, entered a judgment not only for the damages assessed by the jury, but also for the abatement of the dam. At the next term the court vacated the latter portion of the judgment. *Held,*

1. That the judgment must probably be considered as entered during the term at which the cause was tried.

2. That at a subsequent term the court could not *review* the judgment on the merits, or correct its own errors; but it might *correct* the judgment so as to make the same conform to its previous decision.

3. That the ruling of the court, shown by the minutes, was equivalent to a *certificate,* not only "that the removal of the dam was unnecessary" (R. S., ch. 144, sec. 1), but that the abatement was unlawful; and there was no error in the order correcting the judgment.

4. That the *merits* of the judgment cannot be considered on appeal from such order. *Cobb v. Smith,* 23 Wis., 261, distinguished.

APPEAL from the Circuit Court for *St. Croix* County.

Appeal from an order vacating a portion of a judgment. The action was to recover damages for flowing the land of plaintiff by means of a certain dam maintained by the defendant across a navigable stream, and to obtain the abatement of the dam. The defendant pleaded an act of the legislature passed after the dam was erected, which he claimed authorized him to maintain it, and which rendered the dam subject to the provisions of the mill dam law. R. S., ch. 56. Some of the damages claimed accrued before any rights vested in the defendant by virtue of the act pleaded. The court restricted the plaintiff's recovery in the action to the damages which accrued before that time, and held that after a certain specified date the dam was a lawful structure, and that the plaintiff could only recover for damages accruing after that date, in an action brought under the mill dam law — this being a common law action. After the adjournment of the term at which the action was tried, judgment was entered on the verdict by the clerk, not only for the recovery of the damages assessed by the jury, but for the abatement of the dam.

The court, at the next term thereof, on motion, vacated that portion of the judgment which directed the abatement of the dam ; and from the order vacating the same the plaintiff appealed.

*L. P. Wetherby* and *Glover & Clinton*, for appellant, contended that the court below had no power to modify the judgment, and the modification made was in effect a reversal of the judgment for abatement. Such a reversal cannot be made on motion. The plaintiff obtained a general verdict for damages to land and personal property, and entered his judgment for an abatement and damages. This he was entitled to do, his complaint demanding both remedies, and the record showing nothing to deprive him of this right. The judgment for an abatement the court might have controlled, perhaps, at the term when the verdict was rendered and from which the judgment

dates, but not after that term.    *Bank of U. S. v. Moss*, 6 How.,
35.    The statute does not give the circuit court power to re-
verse a judgment, nor does it authorize it to modify one except
for mistake, accident, surprise or excusable neglect, and it has
no inherent powers to vacate or reverse a regular judgment
after it has ceased to be merely on paper.  *Bank of U. S. v. Moss,*
*supra.*    It is no answer to this proposition to say that inasmuch
as the judgment was not entered until after the term at which
the verdict was given, therefore the defendant could not move
at that term.    At the term when the trial took place, defendant
could have prevented the entry of judgment for an abatement, if
plaintiff was not entitled thereto, by having the court certify
that there was no necessity for such abatement (R. S., ch. 144,
sec. 1), or by having a special verdict given, which would limit
the rights of the plaintiff.  Not pursuing this preventive course.
if the judgment was not entered in time so that he could move
at that term to reverse it in part, he could have appealed.

*Henry C. Baker* and *John C. Spooner*, for respondent, insisted
that the judgment as entered by the clerk was not the judg-
ment of the court.    The portion stricken out by the order
appealed from was a direct contradiction of the decision of the
court.    The judgment is not what the clerk may see fit to
enter upon his records as such, but it is the conclusion of the
law upon the record.    Sec. 1, ch. 144, R. S. 1858, cannot be
held to authorize the entry of a judgment abating a mill dam
as a nuisance, while the record shows that the court held it was
not a nuisance, but was a legal and authorized structure at the
time of trial and verdict.    The remedy adopted by defendant,
by motion to modify the judgment by striking out, was a
proper remedy ; and this practice seems to have been distinctly
approved by this court in *Cobb v. Smith*, 23 Wis., 261.    The
power of the court to modify and correct judgments entered,
so as to make them conform to the judgment actually pro-
nounced, is well settled.    *Wyman v. Buckstaff*, 24 Wis., 479 ;
Freeman on Judgments, p. 49 ; *Ætna Life Insurance Co. v.*

*McCormick*, 20 Wis., 265 and cases cited.   The judgment was entered in vacation, and the motion to modify was made promptly, and submitted at the next term.   Such corrections as this may always be made, and are not within the principle of *Spafford v. Janesville*, 15 Wis., 474.   *Wyman v. Buckstaff*, *supra*.

LYON, J.   That portion of the judgment which directed that the dam be abated, was never authorized by the court.   On the contrary, the court held, and so instructed the jury, that at the time of the trial the dam was a lawful structure.   If it was then a lawful structure, no judgment to abate it could be properly entered.   The foregoing instruction and ruling is a part of the minutes of the court, and is equivalent to a certificate that the removal of the dam is unnecessary.   R. S., ch. 144, sec. 1. It is even more than that.   By giving such instruction, the court certified in its minutes that the abatement of the dam would be unlawful.

The court had no power, at a term subsequent to that in which the judgment was entered, to review the judgment on the merits, and to correct its own errors.   Although the judgment was entered in vacation, yet it must probably be considered as having been entered during the term at which the action was tried.   Had it been entered in accordance with the rulings and decision of the court, an error therein could only be corrected, after the term at which it was entered, by this court on appeal or writ of error.   But it was competent for the circuit court, at a subsequent term, to correct the judgment so that it should conform to the decision of the court.   The power to do so is well established.   *Ætna Life Ins. Co. v. McCormick*, 20 Wis., 265.   The ruling and judgment of the court was, that the dam is a lawful structure.   The judgment entered by the clerk is, that it is an unlawful structure, that is to say, that it is a nuisance, and must be abated.   The court never having rendered or authorized any such judgment as was entered, it

clearly had the power to correct it at a subsequent term; and it must be presumed, in favor of the jurisdiction of the circuit court and of the regularity of its proceedings, that the judgment was modified on that ground, and not on the merits.

On this appeal we can go no farther than did the court below. We cannot here determine whether the plaintiff is or is not entitled to a judgment abating the dam. That can only be done on an appeal from the judgment itself. The only questions we can determine are, whether the circuit court had power to modify the judgment at a subsequent term so that it should conform to the rulings and decisions of the court upon the trial, and whether it has done so. We are clearly of the opinion that both of these questions must be answered in the affirmative, and that the order appealed from should therefore be affirmed.

This case, in respect to the questions which may properly be considered on this appeal, is unlike that of *Cobb v. Smith*, 23 Wis., 261. There the judgment was modified on the merits by the circuit court; and my recollection is, that the cause was tried and the judgment entered and afterwards modified, at the same term. If not so, the court passed upon the merits of the judgment without objection, and modified it, not because it did not conform to the previous decision and direction of the court, but because it was erroneous. Hence it was entirely proper for this court, on appeal from the order modifying the judgment, to determine the whole merits of the case.

*By the Court.* — Order affirmed.