WILSON vs. THE CITY OF MINERAL POINT and another.

INJUNCTION: TRESPASS: DESTRUCTION OF FRUIT AND ORNAMENTAL
TREES. *(1) When injury irreparable, and when enjoined. (2) Threat-
ened destruction of fruit and ornamental trees by city and its street com-
misioner, held ground for injunction against both. (3) Right to damages
not decided.*

1. An injury is *irreparable*, and will be enjoined, if of such a nature that it
cannot be adequately compensated in damages, or cannot be measured
by any certain pecuniary standard.
2. The complaint alleges that plaintiff owns certain lots in the defendant city,
upon which his dwelling house is situate, which are enclosed with fences,
and entirely surrounded by what purport to be public streets, and have
growing upon them many fruit and ornamental trees and much shrub-
bery, of several years' growth and of great value, greatly enhancing the
value of the lots; and that such lots have been so enclosed for twenty-
five years; and it alleges facts showing that, unless enjoined, the street
commissioner of said city (who is also made a defendant) will, by order
of the common council, destroy said fences, on the ground that they en-
croach upon the public streets, and will dig up and destroy many of said
fruit and ornamental trees, and expose the remainder to be destroyed for
want of fences, which, it is alleged, will be to plaintiff's "great and ir-
reparable damage." It is further alleged, that said fences do not en-
croach upon the public streets, and that the defendants have no right to
do the acts threatened. Prayer, for an injunction and for damages. *Held,*
on demurrer,

    (1) That the complaint states a good ground for an injunction against
both defendants.

    (2) That there is no misjoinder of causes of action, nor defect of
parties.
3. Whether the complaint states a cause of action for damages, is not de-
cided.

APPEAL from the Circuit Court for *Iowa* County.

The complaint alleges that plaintiff is the owner in fee and
in actual possession of certain lots in the defendant city, on
which his dwelling house is situated; that the lots are in-
closed with fences, and entirely surrounded by what purport
to be public streets; that standing and growing upon such

lots are a great many fruit and ornamental trees and much shrubbery of several years' growth and cultivation, and of great value, and which greatly enhance the value of the lots; and that such lots have been so inclosed for twenty-five years. It further alleges that the authorities of the defendant city claim that such fences encroach upon the public streets; that the common council of the city has ordered the defendant *Weidenfeller*, who is the street commissioner thereof, to remove all obstructions from the streets unless the persons encroaching upon the streets remove the same within a specified time; and that such commissioner threatens to, and, unless restrained by the court, will destroy the plaintiff's said fences, and will dig up and destroy many of his said fruit and ornamental trees, and expose the balance thereof to be destroyed for want of fences, to his " great and irreparable damage." It further alleges that such fences do not encroach upon the public streets of the city, and that the defendants have no right to remove the same or to dig up or destroy the plaintiff's trees, etc. Prayer, for a perpetual and also a temporary or provisional injunction, restraining the defendants from doing the threatened mischief, and for damages and costs.

The defendants demurred jointly to the complaint, on the grounds, 1. That there is a defect of parties defendant; 2. That several causes have been improperly united; and, 3. That the complaint does not state facts sufficient to constitute a cause of action.

The demurrer was overruled; and the defendants appealed.

*M. M. Cothren*, for appellants:

It appears on the face of the complaint that the defendant *Weidenfeller* has no interest whatever in the action, being only the agent of the city, appointed under its charter. Sec. 16, ch. 237, Laws of 1873. The municipality alone is liable to respond in damages for injuries to persons or property caused by its officers or agents in making public improvements. *Squiers v. Neenah*, 24 Wis., 588; *Harper v. Mil-*

*waukee,* 30 id., 366; Dillon on Munic. Corp., §§ 766, 769, and cases cited in notes to secs. 772, 778, 789; P. & L. Laws of 1857, chaps. 5 and 6, p. 215; Laws of 1873, chaps. 4 and 5, p. 525.    2. That the complaint does not state a cause of action because it does not allege any title in the plaintiff to the land which the city proposes to open and improve as a part of its public streets.    Upon this point counsel argued at length, (1) That the complaint does not directly allege that plaintiff has, or that the city has not, title to the particular land in dispute.    (2) That the fences spoken of are not alleged to have been maintained where they are for twenty years *by the plaintiff and his grantors,* or by any other person adversely to the city; nor does it appear that they were not erected and maintained by the city for its own purposes.    (3) That if said land was included in the public streets as originally platted, the city acquired not the title but an *easement* only, and there could be no adverse possession of an easement.    (4) That it appears from the complaint that the public have been in possession of all the streets bounding plaintiff's lots, *for at least a part of their width,* during the whole period; and that the public are not bound to repair and keep in repair a street for its whole width, unless that is necessary for the accommodation of public travel, and by their neglect to repair for the entire width they lose no right to the part not repaired. Dillon on Mun. Corp., § 527.

The case was submitted for the respondent on the brief of *Wilson & Jones,* who contended, 1. That there was no defect of parties. R. S., ch. 122, sec. 22; 17 N. Y., 592; 26 Wis., 215, 540; 29 id., 515.    2. That there was no misjoinder of causes of action.    The cause of action is an alleged injury suffered by plaintiff from defendants' threats to destroy his property.    The causes of action are not increased by plaintiff's asking for an injunction; nor does this affect his right of action.    3. That the facts stated constitute a cause of action. When great and irreparable damage is likely to occur from

threatened trespass, it is better to begin suit and stay the trespass, than to permit it to be committed and afterwards sue for damages; and the courts will enjoin in such cases. Kerr on Injunctions, 295.    4. That where a complaint states a cause of action against one or some of several defendants, a joint demurrer by all the defendants for insufficiency of facts, or for a defect of parties, can not be sustained. *People v. Mayor of N. Y.*, 28 Barb., 240.    5. That a highway or street may be lost by nonuser and adverse occupancy. Washb. Eas., 640, 642; *Yeakle v. Nace*, 2 Whart., 123; 16 Wend., 631; 22 Vt., 48; 29 Barb., 396; 12 N. Y., 2; Dillon on Mun. Corp., § 529 and note, and § 533.    6. That the erection of a fence upon a street is a positive denial of the rights of the public (*Jones v. Davis*, 35 Wis., 376), and the complaint shows sufficiently a continuous adverse possession; especially as it is to be construed, under the code, liberally, with a view to substantial justice between the parties. R. S., ch. 125, sec. 21.

LYON, J.  It is sufficiently averred in the complaint that the defendant *Weidenfeller*, acting under the authority and orders of the regularly constituted authorities of the defendant city, is about to destroy fences, fruit and ornamental trees and shrubbery standing and growing upon premises owned by the plaintiff and occupied by him as his residence and homestead; that the pretense for so doing is that such fences, trees and shrubbery are within the limits of public streets; but that such pretense is unfounded in fact, and the defendants have no lawful authority to do the threatened acts.

On the facts averred it is clear that the plaintiff is entitled to an injunction as prayed in the complaint.  It is quite true that the courts will not interfere by injunction to restrain the committing of a mere trespass, for which, if committed, the recovery of damages in an action at law would be an adequate remedy.  It is also true that the courts will interfere by injunction and prevent a threatened injury, which, if inflicted, will be irreparable.

An injury is irreparable when it is of such a nature that the injured party cannot be adequately compensated therefor in damages, or when the damages which may result therefrom cannot be measured by any certain pecuniary standard. High on Injunctions, § 460 and cases cited. It is said by Judge Story that "if the trespass be fugitive and temporary, and adequate compensation can be obtained in an action at law, there is no ground to justify the interposition of courts of equity. Formerly, indeed, courts of equity were extremely reluctant to interfere at all, even in regard to cases of repeated trespasses. But now there is not the slightest hesitation, if the acts done or threatened to be done to the property would be ruinous or irreparable, or would impair the just enjoyment of the property in future." 2 Eq. Jur., § 928.

That the threatened injuries which this action was brought to prevent, would, if inflicted, be *irreparable*, in the legal acceptation of that term, and would greatly impair the just enjoyment of the plaintiff's property, is perfectly well settled. No one will seriously contend that a money compensation is an adequate remedy for the loss of the trees and shrubbery which the complaint avers the defendants threaten to destroy; and it would be a denial of justice were the courts to refuse the plaintiff the protection he asks, and thus permit his home to be permanently despoiled. See High on Injunctions, § 467 and cases cited.

We think the complaint states a cause of action against both defendants, and that there is no misjoinder of causes of action, and no defect of parties. We do not decide whether or not the complaint states facts sufficient to entitle the plaintiff to recover damages, but only, that if the averments therein contained are true, he is entitled to the injunction prayed.

*By the Court.* — Order affirmed.