REMINGTON and others vs. FOSTER.

*Abatement of private nuisance.*

1. While courts of equity in this state retain jurisdiction to *restrain the erection* of nuisances, public or private, peculiarly injurious to the party asking that remedy, and will do so after the right has been established at law, the statute (sec. 1, ch. 144, R. S.) which authorizes judgment of abatement in *actions at law* for damages by private nuisance, has the effect to abrogate the remedy in equity to *abate* private nuisances.

2. A judgment for defendant in an equity suit is affirmed solely upon the ground of the exclusive jurisdiction of courts of law to grant the relief sought, although no objection to the jurisdiction was taken by answer. *Deery v. McClintock*, 31 Wis., 195.

APPEAL from the Circuit Court for *Dunn* County.

Plaintiffs appealed from a judgment in favor of the defendant. The character of the action will sufficiently appear from the opinion.

Briefs were filed, by *E. B. Manwaring* for the appellants, and *F. J. & W. C. McLean* for the respondent; and there was oral argument by *Mr. Manwaring* and *Mr. F. J. McLean*.

RYAN, C. J. This is a suit in equity to restrain the defendant from maintaining an existing dam, alleged to be a nuisance. The complaint prays perpetual and interlocutory injunction to that end, and the damages sustained.

The record discloses that the order made by a court commissioner, by way of interlocutory injunction, literally followed the prayer of the complaint, and in effect ordered the

respondent to abate his dam *pendente lite.* The oppression of such an order is illustrated by the final judgment of the court below for the respondent, after he had submissively removed his dam in obedience to the order. The dam appears to have been of little value; but that cannot mitigate the character of such an abuse of judicial process.

There is no doubt that the courts of this state still retain the ancient and familiar jurisdiction of courts of equity, to restrain the erection of nuisances, public or private, peculiarly injurious to the party seeking that remedy. *Wis. R. I. Co. v. Lyons,* 30 Wis., 61. But equitable jurisdiction of private suits to abate existing nuisances, public or private, was always of limited and somewhat doubtful nature. Story's Eq., §§ 921–925*f.* Even in suits to restrain the erection of nuisances, courts of equity will not act until the right be established at law (*Sheboygan v. S. & F. R. R. Co.,* 21 Wis., 667); *a fortiori,* not in suits to abate existing nuisances.

Equity sometimes exercised a coy and reluctant jurisdiction of private suits to abate private nuisances, because actions at law could give the injured party damages only, from time to time, as they might be suffered, without adequate, permanent remedy. Sec. 1, ch. 144, R. S., corrects that defect of legal jurisdiction, and authorizes judgment of abatement in actions at law for damages by private nuisance. *Cobb v. Smith,* 23 Wis., 261; *Durning v. Burkhardt,* 34 id., 585; *Cobb v. Smith,* 38 id., 21. This provision vests in courts of law jurisdiction of the full measure of permanent redress formerly confined to courts of equity in such cases, and, we have no doubt, abrogates the equitable remedy by substituting the legal. It would be a vicious farce, and could not have been within the intention of the statute, for courts of equity to retain a jurisdiction dependent on the judgment of a court of law, and suspended to await such judgment, while the remedy itself is as effectually administered in actions at law. We see no room for doubt of this conclusion. *Gray v. Tyler,* 40 Wis., 579.

This question was not argued at the bar, but it is one which we could not overlook. And the objection, being founded on the exclusive jurisdiction of courts of law, need not be taken by answer. It is within the distinction pointed out in *Tenney v. State Bank*, 20 Wis., 161, and the rule of *Deery v. McClintock*, 31 Wis., 195.

For this reason, without reference to the merits, we hold that the complaint was properly dismissed.

*By the Court.* — The judgment of the court below is affirmed.