SMITH vs. THE CITY OF OCONOMOWOC and another.

*June 2 — June 23, 1880.*

*Injunction.*

Where the marshal of a city had been directed by the city government to remove, as unlawful obstructions in a highway, a fence and a storm door in front of plaintiff's dwelling house in said city: *Held,* that equity would not interfere before plaintiff's right was established at law, the case not being one in which he would suffer any irreparable or very considerable injury, or one which could not be readily and speedily repaired, and compensated by damages. *Wilson v. Mineral Point,* 39 Wis., 160, distinguished.

APPEAL from the Circuit Court for *Waukesha* County.

The *City of Oconomowoc* and *Silas M. Sherwood,* marshal of said city, the defendants herein, appealed from a judgment by which they were perpetually restrained from removing a fence and storm door in front of a building belonging to plaintiff. The case is stated in the opinion.

The appeal was submitted upon the brief of *Edwin Hurlbut* for the appellants, and that of *Warham Parks* for the respondent.

To the point that respondent was entitled to equitable relief, his counsel cited High on Inj., §§ 393, 395, 399; Dillon on M. C., § 728; *Trustees of Ev. Soc. v. Hœssli,* 13 Wis., 348; *Wilson v. Mineral Point,* 39 id., 166.

TAYLOR, J. This action is brought to obtain a perpetual injunction against the appellants, restraining them from removing a certain fence and storm door in front of the plaintiff's building situate in the city of Oconomowoc. The complaint alleges that the city officers have threatened to remove the same, as an obstruction in one of the streets of said city, and to take possession of the strip of land on which said fence and door stand, as a part of a public street in said city. The

Smith vs. The City of Oconomowoc and another.

answer claims that the storm door and fence are within the limits of one of the public streets of said city, and an encroachment thereon, and that the city directed its marshal to remove the same out of the limits of such street.

Without entering upon the discussion of the evidence in this case, it is sufficient to say that it is very doubtful whether the plaintiff has the right to maintain the fence and door in the place where they are situated; and as the complaint does not show that the plaintiff will suffer any irreparable injury, or even any considerable injury, by their removal, in case the city should fail to show a right to remove the same, we are of opinion that the court should have dismissed the action as not properly within the equity powers of the court. The city must be supposed to be abundantly able to pay any damage which the plaintiff may sustain if its officers shall remove the fence and door, and as the complaint does not show that the plaintiff will be greatly incommoded in the use and occupation of his premises by their removal, he should be left to his ordinary action at law, both to establish his right and to recover his damages. If this action can be maintained in a court of equity, then every threatened trespass upon real estate, of the most trivial kind, will be a ground for a suit in equity to restrain such trespass. If this action can be sustained, then every attempt on the part of town or county officers to remove obstructions from the highways of such towns or counties may be restrained by a court of equity, without first having the legal right determined in an action at law.

In cases of this nature there is no reason for the interference of a court of equity in the first instance. The threatened damage being such as can well be compensated in damages in an action at law, the legal rights of the parties should be determined in such an action. Ordinarily, one action at law will determine the matter. It will be time enough for the plaintiff to invoke the restraining arm of a court of equity when he shall have established his right by a judgment in an action at

law for an actual trespass committed, and when, notwithstanding such judgment, the city and its authorities shall threaten to repeat the trespass.

The complaint and evidence in this case disclose nothing but a threat on the part of the city, under a claim of right, in order to protect its streets from illegal obstructions and encroachments, to do an act which, if not authorized, would be a trespass upon the plaintiff's realty resulting in but slight damages, and not in any way doing what in the law is termed an irreparable injury to his property. It is not like the case of *Wilson v. The City of Mineral Point*, 39 Wis., 160. In that case the city, by its officers, threatened to open a street through the plaintiff's garden and grounds, and to destroy his shrubbery, fruit and ornamental trees — a damage which might be compensated in money, but a destruction of property which could not be restored to its former condition, by the labor of man alone, nor with his labor aided by the forces of nature, except after the lapse of many years.

In the present case, the threatened damages were trifling and could be easily compensated in money, and the threatened destruction of property was such that it could be readily restored to its former condition by human labor. In a case of this kind, especially when the rights of the parties are doubtful and undetermined, and the act complained of is one which the municipal authorities have determined should be done to protect the rights of the public in the streets and public grounds, a court of equity should not interfere in the first instance to prevent the performance of the act, but leave the party to his remedy at law, if the authorities proceed to execute the order made by them. This case does not present as strong a case for the interference of a court of equity as the case of *The Town of Sheboygan v. The Sheboygan & Fond du Lac Railroad Co.*, 21 Wis., 667; and in that case this court held that a court of equity should not interfere to restrain the defendant until the rights of the parties had been settled in an

action at law. See, also, *Judd v. Town of Fox Lake*, 28 Wis., 583, and what is said by Justice LYON in the case of *Wilson v. The City of Mineral Point, supra.*

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to that court to dismiss the plaintiff.'s complaint.