Lohmiller vs. The Indian Ford Water-Power Co., imp.

LOHMILLER vs. THE INDIAN FORD WATER-POWER COMPANY, imp.

*March 25— April 19, 1881.*

51        683
59 LRA 858n
59 LRA 903n

FLOWAGE OF LAND: ABATEMENT OF DAM: JOINDER: PLEADING: JURISDICTION. *(1, 2) Suit for damages and abatement of dam; what court has jurisdiction ? (3) Equitable defense. (4) Who liable for nuisance. (5) Parties defendant; joinder. (6) Rights of one who purchases the land after flowage begun.*

1. Under sec. 1, ch. 123, Tay. Stats., where lands in one county were flowed by a dam in another, an action for the injury might be brought in the former county.

2. Whether in such case the circuit court of the county in which the lands are situate can also abate the dam, where that relief is asked, is not here determined; but where the action has been removed for trial to the county in which the dam is situate, that court can grant relief both by damages and abatement of the nuisance (Tay. Stats., ch. 144; R.'S., ch. 137); and a demurrer as for misjoinder of causes of action will not lie to the complaint demanding both forms of relief.

3. Facts showing that the abatement of the dam as demanded in the complaint would be *inequitable*, may be set up in the answer.

4. One who has erected a nuisance will be liable for its continuance after he has parted with the title, at least where he has conveyed with covenants of warranty.

5. A defendant who is one of the owners of a dam alleged to be a nuisance, and supports it and derives benefit from it, is a proper party to the action; and the fact that others are made defendants against whom no cause of action is stated, does not show a misjoinder of causes of action.

6. The fact that the dam and flowage existed when plaintiff purchased (from a third party) the premises injuriously affected, does not raise any presumption that he purchased subject to an easement in favor of the defendants, or affect his right to recover for damages accruing to the land from the subsequent maintenance of the dam.

APPEAL from the Circuit Court for *Rock* County.

Action for injuries to plaintiff's lands in Jefferson county, caused by the maintenance of a dam in Rock county, and for an abatement of the dam as a nuisance. The action was commenced in Jefferson county, and removed for trial to Rock county. Defendant demurred to the complaint on the grounds, 1. That the court had no jurisdiction of the subject of the action. 2. That several causes of action were improperly united. 3. That the complaint did not state facts sufficient to constitute a cause of action. 4. That the action was not commenced within the time limited by law. From an order overruling the demurrer, the *Indian Ford Water-Power Company* appealed. No other defendant appeared.

For the appellant there was a brief by *Pease & Ruger*, and oral argument by *Mr. Ruger:*

I. Several causes of action were improperly united. 1. Viewing the claim for damages as a single claim, there was one cause of action for damages and another for the abatement of the dam as a nuisance. The lands injured are in Jefferson county, and the dam in Rock county, and hence the causes of action so united require different places of trial, and cannot be joined. R. S., secs. 2619, 2647; *Hackett v. Carter*, 38 Wis., 394. The claims for the equitable relief of abatement and for the legal relief of damages were formerly the subjects of distinct actions. In the legal action the violation of plaintiff's legal rights and consequent injury were the sole matters for consideration, while in the equitable suit any

matter touching the equity or propriety of adjudging abatement might be considered. Wood on Nuis., §§ 853, 777–8, 780–84; Story's Eq. Jur., §§ 921–927; High on Inj., §§ 485–8. Under section 3181, R. S., the question of the necessity and propriety of ordering abatement ought still to be determined by the court in accordance with the principles of equitable jurisdiction, and not solely upon the facts pertinent to the legal relief. *Cobb v. Smith*, 16 Wis., 665; 23 id., 261; 38 id., 21; *Durning v. Burkhardt*, 34 id., 585; *Remington v. Foster*, 42 id., 608; *Ackerman v. Horicon Iron Manuf'g Co.*, 16 id., 151. 2. The cause of action for abatement affects only the defendants having a present interest in the dam. The cause of action for damages, if viewed as a single cause of action, does not affect the defendant Casson, who has a present interest, and does affect the defendants Cobb and Hurd, who have no such interest. See R. S., sec. 2647, subd. 7. 3. But the claim for damages is not a single cause of action. Such damages are claimed from 1876 to the commencement of the action. It appears by the complaint that the dam was owned and maintained by Hurd from August 6, 1872, to October, 1877; by Cobb from October 9, 1877, to May 21, 1878; and subsequently by the appellant and Emerson. It follows, therefore, that there is a misjoinder of causes of action, if the action be viewed as one for damages, and the abatement as merely an incident of the relief sought. *Greene v. Nunnemacher*, 36 Wis., 51.

II. The complaint does not state a cause of action as against the appellant: 1. It is not alleged that the maintenance of the dam has been unlawful at any time, as against the plaintiff. 2. This is a common-law action, and, it appearing that the dam and flowage existed when plaintiff purchased, he fails to state a cause of action. *Kutz v. McCune*, 22 Wis., 628; *Pomeroy v. Railroad Co.*, 25 id., 641. 3. When the objection is taken on this ground, the court must determine the character of the action intended, and unless such a cause of action

is shown, the objection must be sustained. The action in-
tended in this case is at law, and not under the mill-dam act.
Such an action is not maintainable. *Geise v. Green,* 49 Wis.,
334; *Hooker v. Green,* 50 id., 271.

For the respondent there was a brief by *I. W. & G. W.
Bird,* and oral argument by *G. W. Bird.* They argued,
among other things: 1. But one cause of action is alleged, i.
e., for injury to real estate, occasioned by a nuisance. The rem-
edy for that cause is two fold, damages and abatement of the
nuisance. Both may now be obtained in the action at law for
damages. R. S. 1858, ch. 144, sec. 1; R. S., secs. 3180, 3181;
*Cobb v. Smith,* 23 Wis., 261; *Remington v. Foster,* 42 id., 608;
*In re Eldred,* 46 id., 542. The former owners of the dam,
having each parted with his interest by warranty deed, con-
tinued liable for all damages occurring after they ceased to be
owners. Angell on Watercourses, sec. 402; Wood on Nuis.,
§§ 827, 828; *Curtice v. Thompson,* 19 N. H., 471; *Plumer v.
Harper,* 3 id., 88; *Eastman v. Amoskeag Manuf'g Co.,* 44
id., 143; *Dorman v. Ames,* 12 Minn., 451; *Hanse v. Cowing,*
1 Lans., 288; *Waggoner v. Jermaine,* 3 Denio, 306; *Irvine v.
Wood,* 51 N. Y., 224; *Cobb v. Smith,* 38 Wis., 21. The pres-
ent owners of the dam are liable for all damages occurring
since the date of the oldest title of either of them, but not to
exceed six years before the commencement of the action. *Sa-
bine v. Johnson,* 35 Wis., 185. The title of the defendant
McChesney, one of the present owners, dates back as far as
August 6, 1872. So that all the defendants are liable for all the
damages, and there is no misjoinder of causes of action. 2.
The complaint states a cause of action. It shows the appel-
lant to be maintaining a public nuisance from which the
plaintiff suffers special damages. *Sheboygan v. R. R Co.,* 21
Wis., 667; *Potter v. Menasha,* 30 id., 492; *Wis. River Imp.
Co. v. Lyon,* id., 61; *Pettibone v. Hamilton,* 40 id., 402;
*Remington v. Foster,* 42 id., 608; Angell on Watercourses,
sec. 567; *Cary v. Brooks,* 1 Hill, S. C., 365; *Brown v. Scofield,*

8 Barb., 239; *Veazie v. Dwinel,* 50 Me., 490; *Rose v. Groves,* 1 Dowl. & Lowndes (N. S.), 61.

COLE, C. J. The only grounds relied on in this court to sustain the demurrer were the second and third, which were, that several causes of action were *improperly united in the complaint,* and that the complaint did not state a cause of action. In support of the first of these causes of demurrer, the learned counsel for the defendant insists that there is an improper joinder of causes of action for the reason that the lands injured are in Jefferson county, while the dam which occasions the injury is in Rock county; consequently the causes of action so united require different places of trial. The gravamen of the complaint, surely, is for an injury to the plaintiff's land in Jefferson county occasioned by a dam in Rock county. The relief demanded is twofold — damages for the flowing, and an abatement of the nuisance. We are inclined to think the action was properly brought in the county in which the subject of the action was situated, under section 1, ch. 123, Tay. Stats. It is true, the cause of the injury is in another county. Whether there would have been any difficulty in the way of the plaintiff's having an abatement of the dam, if the place of trial had not been changed, is a question of no practical importance as the case now stands, and need not be considered. Certain it is, the action is now in the circuit court of Rock county, which has full jurisdiction over the cause, and can grant the plaintiff whatever relief he may show he is entitled to.

The learned counsel argued that the two kinds of relief sought in the action were essentially different, the one being purely legal, for a violation of the plaintiff's rights and consequent injury, the other strictly equitable; and he claimed that these considerations afforded a ground for holding, in a case like the present, that both causes of action should not be united. But, as we understand this action, it is a suit for damages resulting from a nuisance, where the plaintiff claims

he has sustained a peculiar injury. The action might well be sustained under the statute, even if it did not exist at common law. Chapter 144, Tay. Stats.; chapter 137, R. S. Jurisdiction is expressly conferred upon the circuit courts by this statute, of actions to recover damages for and to abate private nuisances, or a public nuisance from which any person suffers a private or special injury peculiar to himself; and the courts have power to give judgment for an abatement of the nuisance. It seems to us there can be no doubt about the validity of this statute.

In *Remington v. Foster*, 42 Wis., 608, it.was decided that the remedy for the abatement of a private nuisance was by an action at law, and that the equitable remedy was abolished. The counsel says that there might be equitable matters touching the justice or propriety of adjudging an abatement, which could not well be considered or made available in the legal action. But this point was directly decided the other way in the recent case of *Pennoyer v. Allen, ante,* p. 360. See, also, *Cobb v. Smith*, 23 Wis., 261, where it is said that, in an action for an abatement of a private nuisance under the statute, the defendant may set forth in his answer such facts as may show he is entitled to the affirmative interference of a court of equity to prevent the plaintiff from enforcing his legal right to an abatement. Also, see *Durning v. Burkhardt*, 34 Wis., 585; *Cobb v. Smith*, 38 Wis., 21.

Of course we have no occasion on this appeal to enter into questions of practice, as to how the equitable defense set up in an answer in actions of this kind shall be tried, or as to what proof is admissible on the issues submitted to the jury. All these matters may be safely left to the determination of the trial court as they may arise in the cause. And as little occasion have we for inquiring whether the statute in any degree controls the equitable powers of the court, so that it could not prevent the destruction of valuable property, where the plaintiff prevails, and only a trifling injury is sustained

by him, or a mere technical right violated, by the existence of the nuisance.

It is further claimed that there is a misjoinder, for the reason that the cause of action for an abatement affects only those defendants who have a present interest in the dam, while the cause of action for damages does not affect the defendant Casson, but does affect the defendants Hurd and Cobb, who were not owners when the suit was commenced. The authorities cited on the brief of plaintiff's counsel fully establish the doctrine, that one who has erected a nuisance will be responsible for its continuance, even after he has parted with the title and the possession, especially where he has conveyed the premises with covenants of warranty. It has sometimes been questioned whether a party continues liable who has conveyed by quitclaim deed. Mr. Wood briefly states the result of the decisions in the United States as follows: "The owner of premises, who has demised them with a nuisance thereon, is regarded as upholding a nuisance by receiving rent therefor. So, when he has conveyed the premises with covenants of warranty, he is regarded as upholding a nuisance by his covenants; but when the conveyance is by quitclaim deed, he simply conveys his right, title and interest in the property, and is not regarded as conveying any right in or to the premises which he did not legally possess, or which he could not legally exercise." Section 828, Law of Nuisance.

It is alleged in the complaint that both Hurd and Cobb conveyed by warranty deed. They would therefore be answerable for the continuance of the nuisance, within the well settled principles of law. It is said on the other side, that the present owners of the dam are liable not only for the damages occasioned during their respective ownerships, but also for such as have accrued since the date of the oldest title of either of them. That was the rule laid down by this court in *Sabine v. Johnson*, 35 Wis., 185, in a mill-dam case. Whether the same rule should be applied in this action is a point we need not decide,

as there is no question as to how the damages should be apportioned now before us. The demurrant company is one of the owners of the dam, and supporting it; it is therefore liable in any view. If there is any party defendant who is not interested in the dam, nor liable for damages, the fact that such party was made defendant would be no misjoinder; for it is apparent, if no cause of action is stated against such defendant, there is no ground for saying that several causes of action are improperly united. *Greene v. Nunnemacher*, 36 Wis., 50, was referred to on this point, but that case is so clearly distinguishable from the one before us as to require no comment. There the owner of the premises which constituted the nuisance was made defendant with tenants who held under distinct leases from him for different periods. It was held that there was a misjoinder of causes of action.

The other ground of the demurrer, that the complaint does not state a cause of action against the company, is clearly untenable. It is said it appears from the complaint that the dam and flowage existed when the plaintiff purchased the premises, and it therefore must be presumed he purchased them subject to the easement, and has no cause of complaint. The cases of *Kutz v. McCune*, 22 Wis., 628, and *Pomeroy v. C. & M. Railroad Co.*, 25 Wis., 641, are relied on in support of this position. We do not think they are in point. The first case was an action for the breach of the covenants of seizin and against incumbrances. It was decided that an easement obviously and notoriously affecting the physical condition of the land at the time of its sale was not embraced in a general covenant against incumbrances. In the *Pomeroy Case* this question was presented, namely: " Where a claim has accrued for damages to an entire tract of land, by reason of the actual construction of a railroad over part of it, and, before the damages have been assessed or paid, the land is sold without any provision in respect to them," whether the original owner is entitled to them. It was held that he was. These cases

have little or no bearing upon this. *Scribner v. Holmes*, 16 Ind., 142; *James v. Jenkins*, 34 Md., 1; *Wilson v. Cochran*, 46 Pa. St., 232; *Lallande v. Wentz*, 18 La. Ann., 289, are analogous to the *Kutz Case*, and lay down the same doctrine. "The continuance and every use of that which is in its erection and use a nuisance, is a new nuisance, for which the party injured has a remedy for his damages." *Cobb v. Smith*, 38 Wis., 33. This action certainly lies against the defendant company, one of the owners of the dam and premises, which suffers the nuisance to continue, and derives a benefit from its continuance.

*By the Court.*— The order of the circuit court is affirmed.

ORTON and CASSODAY, JJ., took no part.