## ENCROACHMENT OF WALL ON ADJOINING LOT.

Circuit Court of Cuyahoga County.

THERESA QUIGLEY AND W. S. BLAU v. THE FIREPROOF
STORAGE COMPANY ET AL.

Decided, March 20, 1911.

*Injunction—Trespass by Painting Sign on Side Wall.*

One whose side wall has been erected over a few inches on the land
of another without seasonable objection by the other, will yet be en-
joined from thereafter painting a sign upon said side wall, upon
complaint of such other.

*Cyrus Locher,* for plaintiffs in error.
*Henderson, Quail & Siddall,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The plaintiff, Quigley, owns a parcel of land situated on the
north side of Euclid avenue in the city of Cleveland. The de-
fendants own a parcel of land immediately east of the above
named plaintiff's parcel, also abutting on Euclid avenue. On
the parcel of land of the plaintiff Quigley, is a dwelling-house,
occupied by the plaintiff Blau as a residence, under lease from
the plaintiff Quigley. On the lot of the defendant is a large
brick business block which extends southerly to the north line of
the avenue; that is, it comes out clear to the front of the lot;
whereas the dwelling occupied by the plaintiff Blau, stands back
from the avenue about 50 feet. There is a dispute between the
parties as to where the true boundary line between their prop-
erties is, but from the evidence we find that the true boundary
line is as claimed by the plaintiffs; that is, some six inches fur-
ther east than the claim of the defendant would make it.

It is admitted that if this be the true line between the lots, as
we find that it is, the building of the defendant extends a few
inches over the line upon the land of the plaintiff Quigley. It
is not sought in this action to restrain the defendant from using
its building to the full extent for which it was intended, or for

which it can be used.  It is probable that the plaintiff, Quigley, by failure to notify the defendant while the building was being constructed that her land was being encroached upon, could not now maintain an action in ejectment or to enjoin the use of the building.  In any event, that is not what she seeks here, but the defendant, at the time this suit was begun, was proceeding to paint upon the west wall of its building a large sign, announcing its business as that of storing and moving furniture and other chattels.   This sign, if completed, will contain a large picture of a moving van with a team attached to it, and upon the van the name of the company in large letters.   This wall is of red brick, and the ground work upon which the sign is to be painted is already painted upon the wall in white, and a part of that which is to be painted on the white is already on.   This painting will be so far to the front of the west wall of the building and so high from the ground as to be in plain sight of whoever sits at the windows of the residence of the plaintiff Quigley's property.

In doing the work which has been done upon this sign the defendant has placed large coils of rope and other tackle on the front lawn of the said plaintiff's property, near to the wall it is true, but still in such wise as to be a trespass upon this lawn.   Both plaintiffs pray that the defendant be enjoined from completing this sign; from placing any material upon the plaintiff's land, and that it be required to remove so much of the sign as has already been painted, or in some other wise restore the west wall of its building to the condition it was in before anything was done toward the painting of this sign.

It is urged on the part of the defendant that this relief ought not be granted, because, it is said, it would impose an expense upon the defendant and would be of no value to the plaintiff to have it done; that is, that the plaintiff suffers no damage by having this sign completed, even if technically the defendant is without right to put up the sign.

That the plaintiffs are entitled to have an injunction to prevent the defendant from placing any of its material upon the plaintiff's property goes without saying; and we are of the

opinion that the plaintiff Quigley is entitled to a further order of the court. The plaintiff Quigley has permitted the defendant to construct its building, as it has, over upon her land, and thereby it may be conceded, so far as this case is concerned, that her only redress for such construction of the building will be in damages; but we think that beyond that she is not estopped, after ascertaining her rights, from attempting to prevent anything to be done to such part of the building that is upon her land as will in any wise interfere with the full enjoyment of her property. And if she is entitled to any relief, it would certainly seem to be by injunction. This great sign, staring out as it will upon this residence, may well be an annoyance to those who occupy this residence, and yet it is that kind of an annoyance for which damages in a suit at law could not well be measured, and that being so, injunction seems to be her only relief. In the case of *Pollock* v. *The Cleveland Ship Building Company*, 56 Ohio State, 655, in the opinion at page 674 thereof it is said:

"It is by no means clear, that they would not, if pursued long enough, grow into a prescriptive right. It isn't necessary to ascertain this with positiveness. It is enough that if there be any doubt, the risk should not be imposed upon the plaintiff. And it is no hardship upon defendant to say that if it needs to use plaintiff's land it can do as other people do in like circumstances—obtain a right to such use by negotiation. The very fact that the trespasses are in themselves trifling, and the damage, if any, so small that suits at law to recover would be impracticable, affords an additional reason for granting an injunction."

*High on Injunctions*, Section 696 (4th Edtion), uses these words:

"So equity may properly interfere to restrain repeated and continuous trespasses where it would be difficult or impossible to ascertain the damages resulting from each act complained of So also relief may be granted, where from the nature of the case. it will be impossible to estimate the actual damage, which the plaintiff will suffer, and the injury resulting from a trespass in order to be a continuing one justifying relief by injunction must be of such a character that its recurrence is not dependent upon any act to be done by any person, but results from a continuing state or condition of things caused by the act of trespass itself."

In *Wilson* v. *The City of Mineral Point*, 39 Wis., 160, it is held that injunction is the proper remedy against cutting down shrubbery and shade trees, on the ground that injury is such that damages are indeterminable.

In *Joyce on Doctrine and Principles of Injunction*, Section 218, it is said that injunction is proper, where the injuries can not be measured by any pecuniary standard or where it is impossible or hardly possible to so measure them.

To leave the wall as it now is would leave it, perhaps, in as objectionable a state as it would be in if the sign were completed. It will not be any considerable expense to the defendant, by the use of paint or some other material, to so obliterate this white paint which has been placed upon the wall and so much of the sign as is on said white paint, as to practically restore the wall to the appearance which it had before this painting was begun, and the order of the court will be that the defendant is enjoined from placing any materials upon the lawn of the plaintiff Quigley; from proceeding with the work of painting this sign, and that it obliterate what has been done to the extent that it can reasonable be done by the use of red paint, or otherwise, as shall best accomplish the result.