WALTER MARKHAM, Respondent, *v.* USEBA STOWE et al., Appellants.

N. granted to defendant U. "all the water that will run through a lead pipe with a three-eighths of an inch bore from a spring or well," on the premises of the grantor, with the privilege of conveying the water in a lead or wooden pipe from the spring to a public highway. *Held,* that the reference to the size of the pipe was not simply as a measure of the water granted, but that defendant was restricted to the use of a pipe with a bore of three-eighths of an inch, all the way from the spring to the highway; and, it appearing that although the water was taken from the spring through a short piece of lead pipe of the size specified, then through a larger pipe to the highway, and was discharged through a faucet but two-eighths of an inch in diameter, more water was drawn than would run through a pipe of the uniform size of three-eighths of an inch, that an action could be maintained, restraining defendants from using a larger pipe for any portion of the distance.

(Argued June 7, 1876; decided September 19, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought to restrain defendants from the use of wooden pipe, with a bore of an inch and five eighths, which was being used by them to take water from a spring upon plaintiff's premises, or from using any pipe, for that purpose, with a bore greater than three-eighths of an inch.

In 1865, one Whitman Newell, who was then the owner of plaintiff's premises, granted to defendant, Useba Stowe, "all the

water that will run through a lead pipe with a three-eighths of an inch bore, from a spring or well of water now owned by the said Newell, and about a rod and a-half west of his house, on the premises owned and occupied by him in the town of Ellington, in said county, and known as the old Dunham farm (being formerly owned by Nathaniel Dunham), with also the right and privilege of conveying said water in a lead pipe, or wooden pipe, from said spring in a southerly direction, a distance of about fifteen rods (to the public highway), running from Bucklin's Corners to the village of Ellington, said pipe to be laid at least two feet beneath the surface of the ground."

The court found the following facts: That at the commencement of this action the defendants had a lead pipe inserted into the spring an inch and a quarter in diameter, from two to three inches long, and extending into the end of a pump log terminating at the edge of the spring; that this pump log was joined to others extending over the distance from the spring to the defendants' residence, about eight rods south of the said highway and twenty-six rods from the spring. These pump logs contained an aperture or bore of one and nine-sixteenths of an inch in diameter, through which the water was conducted from the spring to the defendants' residence, and there it was discharged by a faucet about two-eighths of an inch in diameter, and that the defendants received from said spring all the water that would run through said pump logs and faucet at the dwelling-house aforesaid; that after the commencement of the action, in the year 1872, the short piece of lead pipe at the spring was changed from the inch and a quarter bore to one of three-eighths of an inch in diameter, but the wooden pipe remained unchanged from the spring to the defendants' dwelling-house, and the defendants continued to receive from said spring all the water that would run through said pipe, pump log and faucet; that more water was discharged through the faucet at the dwelling-house of the defendants and obtained by the defendants from the spring prior to the time in May, 1872, when the short lead pipe at the spring was changed from a pipe one and one-quar-

ter of an inch bore to a pipe three-eighths of an inch in diameter than would run through in the same length of time a lead or wooden pipe with three-eighths of an inch aperture extending from the spring to the highway; that more water was discharged through the faucet at the dwelling-house of the defendants and obtained by the defendants from the spring after the change made in the short lead pipes in May, 1872, and until the commencement of this action, than in the same length of time would run through a lead or wooden pipe with a three-eighths of an inch bore from said spring to said highway.

As conclusions of law, the court found that no more water was conveyed than would run from the spring through a lead or wooden pipe with a three-eighths of an inch aperture, and directed judgment restraining defendants from taking more or from using a pipe having a larger bore than three-eighths of an inch between the spring and the highway.

*Wm. H. Henderson* for the appellants.

*Obed Edson* for the respondent.

*Per Curiam.* The only point properly before this court for review is as to the construction of the grant. The fact that, up to 1872, the defendants drew more water from the spring than would have been drawn through a pipe from the spring to the highway with three-eighths of an inch bore, although the faucet, at the point of discharge, was only two-eighths of an inch orifice; and the fact that subsequent to that time, with the use of a short lead pipe from the spring to the wooden pipe, which had a larger bore, the defendants also drew more water than would run through a three-eighths inch pipe from the spring to the highway, are sustained by the evidence, and the findings are conclusive upon this court. The grant was of " all the water that will run through a lead pipe with a three-eighths of an inch bore, from a spring or well," * * * " with, also, the right and privilege of conveying

said water in a lead pipe or wooden pipe from said spring, in a southerly direction, a distance of about fifteen rods to the public highway." The plaintiff claims, and the court below held, that the defendant was restricted to a pipe with a bore of three-eighths of an inch all the way from the spring to the highway. The defendants claim that the first clause of the grant is only a measure of the water authorized to be taken, and not a restriction upon the size of the pipe, and, at all events, that if the size of the pipe at the spring is only three-eighths of an inch, a larger pipe may be used the remainder of the distance.

There is considerable force in the position of the defendants, but looking at the language employed, the object of the parties, and all the circumstances, we are inclined to adopt the construction of the court below, as being more in harmony with what appears to have been the intention of both parties than the other. This construction makes the quantity fixed and certain. It is probable that the grantor intended to restrict the quantity to what would pass through a three-eighths inch bore all the way to the highway, with a view of reserving sufficient to supply amply his own farm. The consideration was merely nominal, and it is evident that it was intended to grant only what was regarded as the surplus. This would be secured more certainly by the construction adopted than by the other. The language of the two clauses bears more naturally this interpretation. When read together, the practical meaning is that the grantee might draw water from the spring to the highway in a lead or wood pipe, with a three-eighths of an inch bore. It requires a critical and technical construction to hold that the size of the pipe was not intended to be restricted, and that the reference to the size was only designed as a measurement of the water granted. Without elaborating the point, we concur with the opinion of DANIELS, J.

The judgment must be affirmed.

All concur.

Judgment affirmed.