Janesville Cotton Manuf'g Co. and others vs. Ford and others, imp.

homestead, can better be determined when all the proofs are before the court. If in fact the principal part of the tract omitted from the deed was the homestead of Richard Evans, a correction of the deed may not take anything from the judgment creditors; but, as we have intimated, we do not feel called upon to consider any of these questions in the absence of the testimony which the defendants may produce tending to impeach the deed. We would, however, suggest that it may be well for the defendants to so amend their answer as to obtain full relief in this suit if it should ultimately be established by the evidence that the conveyance was fraudulent as to them, or that their judgment became a lien upon the premises. This would save further litigation over that question, and would promote the interest of all concerned. It may be doubtful whether the judgment creditors, under their present answer, would be entitled to anything more than a judgment which should save their rights, even if they succeeded in clearly and satisfactorily making out the defense which they have set up therein.

It follows from these views that the judgment of the circuit court must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.*— So ordered.

THE JANESVILLE COTTON MANUFACTURING COMPANY and others vs. FORD and others, imp.

*April 12 — May 10, 1882.*

PARTITION OF WATER POWERS. *Statute held valid, and construed.*

1. The provisions of the revised statutes concerning "partition of water powers" (secs. 3149–3153), as amended by ch. 203, Laws of 1881, are not invalid, as vesting in commissioners judicial powers which the state constitution vests in the courts — as the commissioners are mere referees, who act in aid of the court.

2. If the provision which in terms makes the report of the commissioners binding upon the parties before the court acts upon it, is invalid, this does not invalidate the other provisions of the statute.

3. Said statute does not infringe the right of trial by jury.  The provision therein that "an issue of fact in any such action, properly triable by jury, may be tried by jury with like effect as in other cases," means that the verdict shall have the same effect as a verdict in a common law action.

4. The provision which authorizes the commissioners to temporarily occupy and control the mills, etc., when necessary to enable them to perform their duties (they being at all times subject to the control of the court), is not invalid.

APPEAL from the Circuit Court for *Rock* County.

The territorial legislature of 1843 authorized A. Hyatt Smith and William H. H. Bailey to construct a dam across Rock river within the present limits of the city of Janesville.  The dam so authorized was soon thereafter constructed.  The water power created thereby is now owned by the parties to this action in several and unequal proportions, under and by virtue of certain mesne conveyances from the proprietors, granting the right to the grantee in each conveyance to draw a certain specified quantity of water from the dam, under certain restrictions and subject to certain charges for keeping the dam and race-ways in repair, expressed in each of said grants.  This action was brought under the provisions of the revised statutes concerning "partition of water powers" (sections 3149 to 3153, inclusive), as amended by chapter 203, Laws of 1881.  The complaint, which is very voluminous, contains what purports to be a full statement of all grants of the right to draw water from said dam, and of all interest in the water power created thereby, executed by the proprietors, and of all the mesne conveyances by virtue of which the rights granted by the proprietors became vested in the parties to this action.  It is alleged in the complaint, in substance, that disagreements have arisen and exist between the parties in respect to their several interests in the water power, the priority of right between them, the manner

in which the water should be used, and the apportionment between them of the expense of keeping the dam and raceway in repair. These various disagreements, the nature and extent thereof, and the parties affected thereby, are specifically stated. The relief prayed is substantially that provided for in the above statutes. Several of the defendants demurred jointly to the complaint on the grounds: *first*, that several causes of action are improperly united therein; and *second*, that it does not state facts sufficient to constitute a cause of action; and they appealed from an order overruling such demurrer.

For the appellants there was a brief by *A. A. Jackson*, their attorney, and *Bennett & Sale*, of counsel, and oral argument by *Mr. Jackson*.

*William Ruger*, for the respondents.

LYON, J. This action is in the nature of an action for partition, if not strictly such an action. The amended sections of the revised statutes under which it was instituted (sections 3149–53, amended by chapter 203 of 1881) are placed under the head of "partition of water powers," thus showing the legislative idea of the character of the proceeding. We have little doubt, in the absence of any statutory provision on the subject, a court of equity could properly entertain such an action and grant all necessary relief. But we prefer to leave that point undecided, and to consider the action as a purely statutory one. If the statute is valid, there can be no doubt, we think, that a cause of action under it is stated in the complaint; for it shows that the contingencies have arisen which are specified in the statute as grounds for bringing such an action, and that the parties thereto are the owners of the water power.

The object of the statute is to give an action in which all the conflicting claims of such owners to the use and enjoyment of their respective rights in the water power, and their

respective liabilities for the expense incident to its care and management, may be fixed and determined. The complaint contains no allegations of facts which are not subsidiary to that object. Hence it does not improperly unite several causes of action.

Is the statute under which the action was brought a valid law? Considered as a purely statutory action, this is the controlling question in the determination of the demurrer. The learned counsel for the appellants maintains the negative, and urges three principal grounds, upon either of which he claims the statute should be declared unconstitutional and void. These are: (1) That it creates a tribunal, to wit, the commissioners therein provided for, and confers judicial powers upon it in contravention of the constitution, which vests the whole judicial power of the state in the courts therein specified. Art. VII, sec. 2. (2) It infringes the constitutional right of trial by jury. (3) It authorizes the commissioners appointed by the court to take control of the mills, machinery, and appurtenances of the water power, if necessary or expedient, and to retain such control for a reasonable time, and use it in such reasonable manner " as will enable them to ascertain the respective right of the parties, and to determine the manner of using, applying and preserving the same."

The first objection to the validity of the statute rests upon the assumption that the commissioners constitute an independent tribunal. This is incorrect. They are mere referees, and as such are only aids of the court, through whom and by whose investigations it possesses itself of the facts of the case, to the end that it may award the proper judgment.

No valid reason occurs to us for holding the statute void, which would not be equally applicable to any law authorizing a cause to be referred to a referee to hear, try and determine the same, unless such reason is found in the provision which assumes to make the report of the commissioners binding upon the parties before the court acts upon it. It may

be doubtful whether that is a valid provision.   But if it is, not, we think it may be rejected without impairing the valid portions of the statute.   There is no reason to believe that the statute would not have been enacted just as readily without that provision as with it.   This is the test.   *State v. Dousman*, 28 Wis., 541, and cases cited.   Eliminate that provision, and we have a statute providing for a simple reference of a cause to referees to hear, try and determine the same, with directions to report the evidence and their conclusions upon it to the court for its information, to enable it to give the proper judgment.   Of the validity of such statutes there can be no doubt.

The objection that the statute infringes the right of trial by jury is sufficiently answered by the following quotation from the statute itself: "An issue of fact in any such action, properly triable by jury, may be tried by jury with like effect as in other cases."   This doubtless means that the verdict shall have the same effect as a verdict in a common law action.

The last objection is to the provision which gives the commissioners authority to occupy the mills, etc., when necessary to enable them to perform their duties.   It will be observed that this power is conferred only when it is necessary or expedient to exercise it.   In this, as in all other matters pertaining to their functions, the commissioners are under the control of the court, which will restrain them from any abuse of their powers.   There may be cases in which it would be quite impossible for the commissioners intelligently to ascertain the rights of the parties unless they were permitted to enter the mills and to exercise some control over the machinery and appurtenances of the water power.   This may be necessary for the purposes of measurements, tests, and the like.   While such temporary occupancy may cause some inconvenience to owners, yet it is one of the incidents of the ownership of property, in which, in respect to the manner of

its use, others have a direct interest, and a right to insist that it shall be used in a particular manner. We are aware of no valid constitutional objection to such temporary interference with the use of private property when that is necessary to fix and establish the rights of others interested in the time, manner or extent of its use.

We conclude that the statute under consideration is a valid enactment, and that the complaint states a cause of action under it.

*By the Court.*— Order affirmed.

CASSODAY, J., took no part.