CLARK vs. STEWART and another, imp.

*November 3 — November 21, 1882.*

*Partition of water power — Pleading — Equity.*

1. A statement in a complaint that the parties " are *unable to agree* upon and determine " their respective interests and obligations, is sufficient under ch. 203, Laws of 1881, which provides that " in case of *disagreement* between owners of water powers . . . either party may bring an action," etc.

2. *It would seem* that, in the absence of any statute, courts of chancery have entertained such cases, and administered about the same relief as is provided for in ch. 203, Laws of 1881.

APPEAL from the Circuit Court for *Marathon* County.

Action, under ch. 203, Laws of 1881, to determine the rights of the respective parties in a water power. The substance of the complaint, so far as material on this appeal, will sufficiently appear from the opinion. Two of the defendants demurred generally to the complaint and appealed from an order overruling the demurrer.

For the appellants there was a brief by *Silverthorn & Hurley*, and oral argument by *Mr. Hurley*.

*Geo. D. Waring*, of counsel, for the respondent, to the point that the complaint stated a cause of action in equity, independent of the statute, cited: Angell on Watercourses, 621, 623, 628, § 447; *May v. Parker*, 12 Pick., 34; *Kennedy v. Scovil*, 12 Conn., 317; *Ballou v. Hopkinton*, 4 Gray, 324; *Ranlet v. Cook*, 44 N. H., 515; *Arthur v. Case*, 1 Paige, 447; *Case v. Haight*, 3 Wend., 632; *Young v. C. & N. W. Railway Co.*, 28 Wis., 171; *Mohr v. Gault*, 10 id., 513; *Olmsted v. Loomis*, 5 Seld., 423.

ORTON, J. The main reason urged by the learned counsel of the appellants why the demurrer to the complaint should be sustained, is that it is not stated therein that there was a *disagreement* between the owners of these water powers, or of interests or rights therein, which is necessary to give the court jurisdiction under ch. 203, Laws of 1881. The complaint does state " that by reason of the very general terms used in conveying the rights and privileges claimed by the parties hereto, the said parties are *unable to agree* upon and determine their respective interests in said water, and their respective obligations as tenants in common of the said dams, piers, booms, and water." Being " unable to agree," is about as strong a statement of " disagreement " as could be made. It implies both a disagreement and inability to agree, and makes a still stronger cause for the interposition of the court to adjust and partition their interests in the

water power. Besides, there are other statements in the complaint, which, though they do not use the word "disagreement," clearly show disagreement among the owners of the power. We think the complaint a good one under the statute. Other questions in respect to the statute, and its constitionality, have been so fully considered, and so lately decided, by this court, in *Janesville Cotton Manuf'g Co. v. Ford*, 55 Wis., 197, that they need not be here noticed. It is not necessary in this case, more than in that, to determine whether such a case may not be entertained by the court, in its general chancery jurisdiction, without the statute, for the case seems to be fully within the statute. It would seem, however, that, in the absence of any statute upon the subject, courts of chancery have entertained such cases, and administered about the same relief as is provided for in the statute, from authorities cited in the brief of the counsel of the respondent.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.