Lawson and others vs. The Menasha Wooden-Ware Co.

LAWSON and others vs. THE MENASHA WOODEN-WARE COM-

PANY.

*January 11 — January 29, 1884.*

EQUITY. *(1) Injunction against excessive use of water-power by lessee. (2) When legal remedy is inadequate.*

1. Where the owner of a water-power leases the use of a specific quantity of water, and the lessee persistently uses water in excess of the amount covered by the lease, and threatens to continue in so doing, and where the extent of such use is contingent and difficult of estimation, such owner may successfully invoke the aid of equitable intervention to prevent the lessee from using such excess, without alleging that such excess is essential to the operation of other mills, or is diverted therefrom.

2. The mere existence of a legal remedy will not bar equitable interference where the latter is more adequate, comprehensive, and effectual.

APPEAL from the Circuit Court for *Winnebago* County. The case is thus stated by Mr. Justice CASSODAY:

" This action is to restrain the defendant from using and drawing water from the plaintiffs' water-power in excess of the amount covered by certain leases held by it, and for an accounting and damages for such excess. The action was commenced by the service of a summons May 18, 1877, in favor of Publius V. Lawson, A. Lydia Reed, and Curtis Reed. Pending the suit, and before the service of the complaint, A. Lydia and Curtis Reed sold all their interest in

and to the water-power and the action to Publius V. Lawson. October 5, 1881, Publius V. Lawson died, and thereupon *P. V. Lawson, Jr.*, and *J. C. Kerwin* were duly appointed administrators of his estate, and the suit was revived in favor of, and in the name of, his said administrators and the several heirs of his estate.

"On May 10, 1882, the complaint was served, which alleges, in effect, that in 1857, Charles Doty, and Harrison and Curtis Reed were the owners of the water-power in question, and leased the same to Spencer Mowry; that the defendant was incorporated and became the assignee of such leases in 1875, and has continued such owner ever since; that the plaintiffs have become the owners of the water-power so owned by Doty and the Reeds, subject to the leases; that the defendant has no right to use any of the water therefrom, except so much as was covered by the leases; that the use of said water for hydraulic power by the defendant, in excess of the amount covered by the leases, has been and is a great injury to the said Publius V., and Curtis, and A. Lydia, and also to the plaintiffs herein, and a great damage to the said water-power, in this, that the use of said excess of water by the defendant greatly diminished, and has continued, and does still greatly reduce, the volume of the water remaining to be leased and used by said owners; that such use of said excess of water without authority is, and has been, a great injury to them, in that it causes the title to the water-power, and the right to let and lease the same, to be questioned and disputed, and leads divers other persons to attempt to use said water for hydraulic power, without authority or right so to do, and without paying rent therefor, and also greatly reduces the volume of said water-power, and diminishes the quantity of water to be used and leased by others for hydraulic power by the owners thereof, and greatly interferes with the rights of other parties lawfully using water therefrom for hydraulic purposes in running their mills and

machinery, and thereby has compelled the owners in the past, and still compels the plaintiffs, to carry on much litigation, which involves the bringing and carrying on of a multiplicity of suits to protect the rights of the plaintiffs and others lawfully using water therefrom, and to prevent said defendant from using said water-power in violation of the rights of the owners thereof.

"The complaint further alleges, in effect, that the use of the water from the water-power is of the value of $40 per annum for every hundred square inches; that the defendant, without license, has, ever since July, 1875, and still does, use much more of said water than was or is covered by the leases, and threatens and insists that it will continue so to do; and that it will so continue unless restrained by the judgment of the court; that the value of the use of such excess, as stated in one count, already amounted to upwards of $7,000, and, as stated in the other count, amounted to nearly $7,000, making in all $14,044.

"There are two counts, each on a different lease, and the allegations of each are substantially alike. It appears from the complaint that the action was revived in the name of all the heirs, as well as the administrators of the estate, of Publius V. Lawson, deceased.

"The defendant demurred upon the grounds: (1) that the complaint did not state facts sufficient to constitute a cause of action; (2) that the court had no jurisdiction of the subject matter of the action; and appealed from an order overruling the demurrer."

*Charles W. Felker*, for the appellant.

*Moses Hooper*, for the respondents, to the point that generally an injunction will be granted to restrain any interference with water rights, where the interference produces any actual injury, cited: *Arthur v. Case*, 1 Paige, 447; *Webb v. Portland Manuf'g Co.*, 3 Sumn., 189; *Pratt v. Lamson*, 2 Allen, 275; *Society, etc., v. Low*, 17 N. J. Eq., 19;

*Society, etc., v. Butler,* 12 id., 498; *Schuylkill Nav. Co. v. Moore,* 2 Whart., 477; *Corning v. Troy,* 40 N. Y., 191; *Amidon v. Harris,* 113 Mass., 59; *Natoma W. & M. Co. v. McCoy,* 23 Cal., 490; *Roath v. Driscoll,* 20 Conn., 533; *Rupley v. Welch,* 23 Cal., 452; *Phœnix W. Co. v. Fletcher,* id., 481; *Valley P. & P. Co. v. West,* 58 Wis., 599; *Wright v. Moore,* 38 Ala., 593; *Burden v. Stein,* 27 id., 104; *Ranlet v. Cook,* 44 N. H., 515; *Belknap v. Timble,* 3 Paige, 577; *Lyon v. McLaughlin,* 32 Vt., 423; *Olmsted v. Loomis,* 9 N. Y., 423; *Gardner v. Newburgh,* 2 Johns. Ch., 164; *Ballou v. Hopkinton,* 4 Gray, 328; *Bemis v. Upham,* 13 Pick., 169; *Shields v. Arndt,* 4 N. J. Eq., 234; *Bardwell v. Ames,* 22 Pick., 333; *Society, etc., v. Canal Co.,* 1 N. J. Eq., 157; *Case v. Haight,* 3 Wend., 632; *Owen v. Field,* 102 Mass., 90.

CASSODAY, J.  Undoubtedly the rule is settled in this state, as urged, in effect, by counsel for the defendant, that when a complaint attempts but fails to state a cause of action in equity, a general demurrer thereto will be sustained, notwithstanding it may contain allegations which, if eliminated and standing by themselves, might be sufficient to constitute a cause of action at law.  *Denner v. C., M. & St. P. R'y Co.,* 57 Wis., 218, and cases there cited.  To sustain the ruling of the trial court, the complaint must, therefore, state a cause of action of equitable cognizance.

Here, it appears, that the plaintiffs own the water-power in question, subject to the leases held by the defendant.  It also appears that by virtue of the water-power the plaintiffs have a large amount of water in addition to that covered by the leases, the use of which they have the right to sell or lease.  Upon the facts stated, the plaintiffs have, beyond question, an usufructuary interest in all the undisposed of water appurtenant to their water-power.  They are clearly entitled to the enjoyment, use, and benefit of the water-power created by their grantors, and to which they have

succeeded.  So the defendant has rights and interests in the power to the extent given by its leases.  From the very nature of water, and the essential requisites of a water-power, these respective rights must, to some extent, be dependent upon each other, and exist in common, or not at all.  Water being a constantly moving element, the rights of different parties to draw and use from a common source must necessarily be regulated and defined by covenants and agreements, or else by actual partition and measurements.  Here we must assume that there was no such actual partition or measurement.  The defendant's right to draw and use, however, is given by and necessarily defined and limited in the leases.  Whatever has been or may be drawn in excess of the amount thus authorized, defined, and limited must be regarded as wrongfully drawn and used.  Being of great value, and wrongfully used, as alleged, such use must be deemed injurious to the owners.  This is virtually conceded.  It is also conceded that the plaintiffs have a remedy for such injury.  It is claimed, however, that their remedy at law is adequate, and hence that they are in no position to successfully invoke the aid of equity.  On the contrary, it is urged by the plaintiffs that they have no adequate remedy at law, and hence are entitled to the aid of equity.

The mere existence of a legal remedy will not bar equitable interference where such interference would be more adequate, comprehensive, and effectual.  *Bemis v. Upham*, 13 Pick., 170; *Boston W. P. Co. v. B. & W. R. R. Co.*, 16 Pick., 521; *Ballou v. Hopkinton*, 4 Gray, 328.  Of course, such preventive remedy is not given merely by reason of past injury, but to prevent its continuance.  *Cobb v. Smith*, 16 Wis., 661.  Where the continued use or threatened danger is such as to cause reasonable fear of irreparable injury, it is not essential that there should be actual damage, or even a completed violation of the plaintiff's rights, in order to entitle him to the protection of equity.  *Webb v. Portland*

*Manuf'g Co.*, 3 Sumn., 189; Gould on Waters, §§ 513–517, and cases there cited.   An injury is irreparable, and will be enjoined if of such a nature that it cannot be adequately compensated in damages, or cannot be measured by any certain pecuniary standard.   *Wilson v. Mineral Point*, 39 Wis., 160.   Where the injury is continuous, and under a claim of right, restraint in equity seems to be essential in order to prevent vexatious litigation, and a multiplicity of suits. *Garwood v. N. Y. C. & H. R. R. R. Co.*, 83 N. Y., 404; *Tipping v. Eckersley*, 2 Kay & J., 264; *Clark v. Stewart*, 56 Wis., 154.   So it has been held that where parties have regulated their rights in water by contract or grant, the meaning and breach of which is clear, it is not a question of damage, but the mere breach affords sufficient ground for equitable intervention.   *Tipping v. Eckersley*, *supra*; *Dickenson v. Grand Junction Canal Co.*, 15 Beav., 260; *Olmsted v. Loomis*, 9 N. Y., 423.   So it has been held that where there is an admitted common right among several owners of the same water-power, equity will interpose to regulate the common use, to determine the extent of their respective rights, and the proper mode of exercising and enjoying them, as tending to prevent litigation, and as affording a more complete and perfect remedy than could be obtained at law, and as furnishing, in fact, the only adequate means of ascertaining and determining the respective rights of the parties.   *Burnham v. Kempton*, 44 N. H., 100; *Ranlet v. Cook*, 44 N. H., 512; *Hanna v. Clarke*, 31 Grat., 36; *Adams v. Manning*, 48 Conn., 477; *Sanborn v. Braley*, 47 Vt., 170; *Markham v. Stowe*, 66 N. Y., 574; *Comstock v. Johnson*, 46 N. Y., 615; *Corning v. Troy I. & N. Factory*, 40 N. Y., 191; *Erie Canal Co. v. Walker*, 29 Pa. St., 170; *Lehigh Valley R. R. Co. v. Society*, 30 N. J. Eq., 145; *Emporia v. Soden*, 25 Kan., 588.

In *Lyon v. McLaughlin*, 32 Vt., 425, both parties had rights to the privilege of water under their respective deeds, and the court aptly stated the rule thus: "It would seem to

be well settled, as shown by the text-books and the cases, that when the invasion of a right in this kind of property is threatened and intended, which is necessarily to be continuing and operating prospectively and indefinitely, and the extent of the injurious consequences is contingent and doubtful of estimation, the writ of injunction is not only permissible, but is the most appropriate means of remedy. It affords, in fact, the only adequate and sure remedy. For the very doubtfulness as to the extent of the prospective injury, and the impossibility of ascertaining the measure of just reparation, render such injury *irreparable*, in the sense of the law relating to this subject."

Where there is an adequate method of measuring the water used,— as where the water can only be drawn through an orifice of fixed dimensions, or by wheels so constructed as only to admit of the use of a certain quantity, or by a water-meter,— there is less reason for equitable interposition; for in those cases the amount of the excess of water used can be approximately ascertained. But even in those cases it is frequently granted, as appears from the cases cited. Here it appears that the amount which has been, and continues to be, used, is greatly in excess of the amount covered by the leases, and yet without uniformity, depending evidently upon the wants and necessities of the defendant. This being so, it is apparent that the rights of the plaintiffs are at the mercy of the defendant. It may draw no more than its leases call for during portions of the day, and yet may draw largely in excess during other portions. This being so, it would be utterly impossible to prove the exact amount of such excess used in any considerable given period, and hence impossible to obtain adequate redress at law. Besides, to refuse equitable interposition would be to subject the parties, not only to a multiplicity of suits, but to continuous and interminable litigation. After a very careful reading of many cases, and some of the latest and best text-

books, we have no hesitation in holding that, where the proprietor of a water-power leases the use of a specific quantity of water, and the lessee persistently uses water in excess of the amount covered by the lease, and threatens to continue in so doing, and where the extent of such use is contingent, and its value difficult of ascertainment and of doubtful estimation, such proprietor may successfully invoke the aid of equitable intervention to prevent the lessee from using such excess, without alleging or proving that such excess is essential to the operation of other mills, or is diverted therefrom.

*By the Court.*— The order of the circuit court is affirmed.