STANDARD FASHION CO. OF NEW YORK v. OSTROM.

(Supreme Court, Appellate Division, First Department. April 9, 1897.)

1. CONTRACTS—INTERPRETATION—INDEFINITENESS.
    A contract by which plaintiff gave defendant the exclusive agency for the sale of its patterns for a certain locality for two years, and agreed to consign such a sufficient stock of patterns as might be mutually agreed on, not to exceed $1,000, and to allow defendant 50 per cent. commissions, is not void for indefiniteness.

2. SAME—CONSIDERATION.
    A provision in a contract giving defendant the exclusive agency for the sale of plaintiff's goods is a sufficient consideration for a further provision that defendant would purchase from plaintiff a certain quantity of catalogues for gratuitous distribution, pay all expenses, keep the stock of patterns in good order, pay for purchases each month, and not deal in other patterns, or purchase from other parties than plaintiff, or sell at other prices than those fixed by plaintiff.

Appeal from trial term, New York county.

Action by the Standard Fashion Company of New York against Mary S. Ostrom to recover $105, alleged to have been the amount agreed to be paid by defendant to plaintiff as liquidated damages in case of the breach by defendant of the contract set out in the complaint. The complaint was dismissed, and plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

Chas. D. Ridgway, for appellant.
I. S. Catlin, for respondent.

WILLIAMS, J. The agreement upon which the action was brought was made March 14, 1894, and provided that it was mutually agreed between the parties, in substance: First. That the

plaintiff granted to the defendant the exclusive agency for the sales of its patterns for. a certain locality for two years, and until terminated as provided in the agreement, and agreed to consign such a sufficient stock of patterns as might be mutually agreed upon, not to exceed $1,000 at retail prices, including a sufficient quantity of new monthly patterns, and to allow the defendant 50 per cent. commission on sales, etc.    Second. That the defendant would purchase for gratuitous distribution fashion sheets and handy catalogues, published by plaintiff, to the amount of $105 per annum, at $10 per 1,000 for such sheets, and $25 per 1,000 for such catalogues; pay freight, expenses, or postage on all goods, publications, and patterns; keep pattern stock in good order, and give due attention to sales; pay for purchases and pattern sales less commission each month; render inventories of patterns on hand once a year; not assign agency or change location except on written consent of plaintiff; not sell or deal in other patterns, or purchase from other parties than plaintiff, nor sell at other prices than those fixed by plaintiff; and permit plaintiff to take account of stock when desired.    And in case of breach of contract by defendant while contract was in force, it was mutually agreed the defendant should pay plaintiff as liquidated damages $105, provided 10 days' written warning was previously given by plaintiff, and defendant had not in the meantime complied with the contract; and in such case defendant should promptly pay the liquidated damages, surrender agency, and return to plaintiff the patterns on hand, etc.    Third. That agency might be closed after two years from date, by one month's notice in writing by either party, etc., and the stock of patterns should be delivered to defendant on or before January 15, 1894.    The complaint alleged the plaintiff had fully performed all the conditions of the contract on its part, but that the defendant, about May 8, 1894, refused to perform the contract, and ever since had so refused, and had refused to accept patterns from plaintiff agreed to be consigned to her by plaintiff; and she had refused to pay the $105 liquidated damages, although the 10-days warning had been given by plaintiff to defendant; and thereupon judgment was demanded for the $105 liquidated damages, with interest and costs.

The court, in dismissing the complaint, held that the contract was invalid for indefiniteness as to the quantity of patterns to be consigned under the first clause, and that the second clause was unilateral, and there was no consideration on the part of the plaintiff therefor.    We cannot assent to the correctness of either of these conclusions.    The fair construction of the first clause is that the quantity of patterns within the limit stated of $1,000 at retail prices, to be consigned, was to be such as should be fairly and reasonably sufficient for the needs of the business,—such as the defendant should be able to sell.    Some quantity should be consigned in any event, and the quantity necessary within the contract should be mutually agreed upon as the business progressed.    The plaintiff could not refuse to consign any patterns, nor could the defendant refuse to receive any, or require the plaintiff to consign more than should be fairly and reasonably necessary.    The parties could

neither of them refuse unreasonably to come to an agreement as to what quantity was necessary. They were under obligation to act and make an effort in good faith to arrive at such a mutual agreement. We think the contract was not invalid for uncertainty, and the complaint alleged that long before the time fixed for the first delivery of patterns the defendant absolutely refused to carry out the agreement at all, or to receive any patterns at all. This was a clear violation of the contract, which entitled the plaintiff to maintain the action for damages, and to recover the same from the defendant. Neither was the second clause unilateral, and without consideration. The plaintiff granted the defendant the exclusive agency for the location and during the time provided in the contract. It precluded itself from making any other provision for the sale of the patterns in the locality during the time specified, and in consideration of the agreement on the plaintiff's part the defendant agreed to receive a consignment of the patterns, to sell the same, and to pay for them; she herself to have for her services 50 per cent. commission of the sales. The contract was expressly provided to be mutual, and the agreement on the part of one party was a sufficient consideration for the agreement on the part of the other. We think the complaint was improperly dismissed, and that the judgment should be reversed, and a new trial ordered, with costs to appellant, to abide event.

PARKER, J., concurs. VAN BRUNT, P. J., and RUMSEY and PATTERSON, JJ., concur in result.