EDISON PHONOGRAPH CO. et al. v. KAUFMANN et al.

(Circuit Court, W. D. Pennsylvania. January 3, 1901.)

No. 8.

**1. PATENTS—INFRINGEMENT—RIGHT TO IMPOSE CONDITIONS ON PURCHASERS.**

The manufacturer of a patented article has the right in selling the same to jobbers for the trade to prescribe conditions and restrictions to govern its subsequent sale, and one who buys from a jobber with notice of such conditions and restrictions is bound thereby, and for their violation may be treated as an infringer.

**2. SAME—SALE IN VIOLATION OF KNOWN RESTRICTIONS.**

Complainants manufactured a patented phonograph, which they sold only under what was called a "jobber's agreement," which contained certain conditions and restrictions as to the prices at which the instruments were to be sold. Defendants applied to purchase, and were sent a copy of such agreement to sign, and informed that no sales were made except thereunder. They refused to sign such agreement, and subsequently procured a third person to purchase and ship them the instruments, which he did by signing the agreement. Defendants proceeded to sell the instruments so bought in violation of the conditions of the agreement. *Held*, that they were not bona fide purchasers without notice of such conditions, notwithstanding they took the instruments from the first purchaser unconditionally, and without knowledge that he signed the agreement, but, under the circumstances, were put upon inquiry, and were, moreover, bound by the knowledge of the first purchaser, as their representative, and in selling in violation of the known rules of complainants rendered themselves liable as infringers.

In Equity. On motion for preliminary injunction.

Howard W. Hayes, for complainants.
W. B. Rodgers, for respondents.

ACHESON, Circuit Judge. I cannot doubt that the complainants have the right to sell their patented phonographs with the restrictions and upon the conditions contained in their "jobber's agreement," and that dealers buying the patented instruments from the jobbers with notice of those restrictions and conditions are bound thereby. Dickerson v. Matheson, 6 C. C. A. 466, 57 Fed. 524; Same v. Tinling, 28 C. C. A. 139, 84 Fed. 192, 195. The material facts here appearing are these: Upon application for a supply of the

patented phonographs by the defendants to the complainants, the defendants were informed of the plan the complainants had devised for the protection of themselves and their customers as embodied in their "jobber's agreement," and a copy of that agreement was furnished to the defendants to be signed by them. A correspondence by letters between the parties then ensued. The defendants asked to have the agreement modified by striking out the eleventh clause, but this was positively refused by the complainants. The defendants were advised fully of the reasons which had led to the adoption of the plan for doing business as contained in the "jobber's agreement," and the defendants were distinctly informed that the complainants would not deviate therefrom in any instance. Shortly thereafter (within two months) the defendants took steps to get a supply of the patented phonographs manufactured by the complainants through one Wood, a merchant of the city of New York, from whom the defendants were accustomed to purchase other goods. Wood was not then a dealer in phonographs, and the defendants did not send him an order for the instruments. The defendants' manager, Mr. Baer, saw Wood personally, and procured his services in the matter of obtaining the phonographs from the complainants. The following extract from Mr. Baer's affidavit in behalf of the defendants, made and filed herein, states the transaction thus:

"Affiant inquired of said Wood as to whether the purchase of the phonographs could be made from him, to which inquiry said Wood replied that he did not then know, but felt sure that he could get them, and sell them to defendants. It was distinctly understood between affiant and said Wood that defendants, in case they received the phonographs, would not be bound by any trade restrictions. Shortly thereafter affiant saw said Wood, and made inquiry as to what, if anything, had been done in relation to the matter. Wood replied that one Gilmore, the president or manager of the complainant companies, had been in Europe for some time, and was expected home in a few days, or had been home a few days; that said president or manager was a friend of his, and that there was no use for him to talk to anybody else; that when one wants on the inside one must go to the head man; and that he would go to Orange in a few days, and see said Gilmore about the matter. Shortly thereafter affiant saw Wood, who informed him that the goods desired would be shipped in a few days. Affiant then told him that defendants might cut the list prices, and Wood replied: 'I don't care what you do with them. You may give them away if you want to.' Affiant said, 'I fear you cannot get further orders if we break the price.' Wood replied that he would not have any trouble getting more goods because of his relation with the said president or manager. The purchase made from Wood was unconditional, and there was no agreement or understanding, expressed or implied, that the defendants were to be in any way restricted as regards price or otherwise."

In fact, Wood procured the phonographs from the complainants by first signing the said "jobber's agreement," thereby becoming subject to all its restrictions and conditions. Having thus acquired from the complainants these phonographs, Wood immediately shipped them to the defendants, who have been selling them at their store in Pittsburg in violation of said restrictions and conditions. Can the defendants be esteemed bona fide purchasers without notice? I think not. It is hard to believe that they placed any reliance whatever in the representations of Wood. They had just

been in direct communication with the complainants, and had learned what their invariable course of business was.  The defendants certainly knew enough to distrust the ability of Wood to procure by legitimate means the phonographs freed from restrictions and conditions.  Indeed, Wood's suggestion involved secret and underhand dealing with an official of the complainant companies.  Under all the circumstances, inquiry by the defendants of the complainants was a plain duty, and such inquiry would have revealed the truth instantly.  Moreover, the defendants did not buy in the open market.  They purchased through Wood.  He represented them in the transaction, and his knowledge is to be imputed to the defendants. The defendants, I think, must be treated as infringers.  Let a decree for a preliminary injunction be drawn.