EAU CLAIRE WATER COMPANY, Appellant, vs. CITY OF EAU CLAIRE and another, Respondents.

*January 12—January 30, 1906.*

*Waterworks: Acquisition by city: Cloud on title: Expenses: Arbitration: Indemnity: Temporary injunction.*

1. Where a city, pursuant to the terms of a franchise under which a corporation was operating a system of waterworks therein permitting it to acquire the waterworks plant on payment of its value as determined by arbitration, had instituted proceedings for arbitration, the proceedings are simply an assertion of a right claimed under the franchise, which, if legal, is as effectual and as valid a claim before the arbitration as subsequent thereto.

2. Such arbitration does not create a cloud on the water company's title and thereby invade its right to the enjoyment of its property.

3. While such arbitration would compel the water company to participate in the proceedings to bring about a correct valuation and require it to devote time and attention to the accomplishment of such a result, yet the annoyance incident to the determination of the rights of the parties under the franchise in no sense causes irreparable injury, nor is it a ground for equitable relief by injunction.

4. While the water company may incur expense in connection with such arbitration, it is necessarily such as can be readily measured by a pecuniary standard and adequately compensated, and hence furnishes no ground for a temporary injunction.

5. In such case, however, the city should be restrained from proceeding with the arbitration unless it gives an undertaking with sufficient sureties, in a sum specified by the court, to indemnify the water company for the payment of all reasonable expenses incurred by it in such arbitration.

APPEAL from an order of the circuit court for Eau Claire county: E. W. HELMS, Judge. *Reversed.*

This is an appeal by the plaintiff from an order of the circuit court denying its application for an order to restrain defendant, *pendente lite,* from proceeding to appoint appraisers to determine the value of plaintiff's waterworks plant. This action is brought to restrain defendant from proceeding with an arbitration to determine the value of plaintiff's waterworks plant, pursuant to the terms of a franchise under which the plant was constructed and is being operated by the plaintiff. This franchise provides that the city of *Eau Claire* may acquire the plant by payment of its value, which is to be determined by five appraisers, two of whom are to be selected by the city, two by the plaintiff, and the fifth by the four persons thus chosen; in case of their failure to appoint the fifth, he is to be appointed by the judge of the Eau Claire county circuit court. It is alleged that on August 4, 1905, the defendant took the initial steps for acquiring the waterworks· plant under the franchise by giving notice to the plaintiff to that effect and by demanding that appraisers be selected to determine its value; that on September 5, 1905, plaintiff and defendant each appointed two arbitrators; that they failed to· select the fifth within the time prescribed in the franchise; and that thereupon on September 26, 1905, the defendant served notice upon the plaintiff of an application for his appointment by the circuit judge of the proper county. The complaint also alleges that proceedings were had under the provisions of the franchise in 1900, wherein, plaintiff claims,. the defendant either exhausted its rights to purchase or waived them by a settlement of the proceeding; that the city, in no· event, can purchase because it has no funds in possession available for that purpose; and that it cannot legally incur any obligations to secure the necessary funds in view of the existing municipal indebtedness; and the complaint, therefore, claims that the city has no right or power to acquire the

waterworks plant under the franchise, and prays that the city be perpetually restrained from further prosecuting the proceeding for the appointment of appraisers, or from taking, as it threatens to do, any other steps to acquire the waterworks plant. The city has entered a general demurrer to this complaint. Plaintiff obtained an order in the action requiring defendant to show cause why it should not be restrained, during the pendency of this action, from proceeding with the arbitration. By the same order all proceedings were restrained until such application was heard. Upon the hearing of this application for a preliminary injunction the city caused the affidavit of James Wickham, its city attorney, to be filed in opposition, and after a hearing the court made an order denying the application and vacating that part of the order which restrained further proceedings up to the time of such hearing. Thereupon plaintiff, under sec. 3061, Stats. 1898, made application to the circuit court for a continuance, during the pendency of an appeal to this court from this order denying the preliminary injunction, of that part of the order temporarily restraining defendant, and for an order fixing the amount of the undertaking it should give on such application. Under this application the court ordered that the amount of the undertaking be in the sum of $10,000, and that, upon the giving of such undertaking, the temporary restraining order theretofore made, restraining proceedings during the pendency of the application for a preliminary injunctional order, be continued in force until the action should be determined, unless defendant, at some time during the pendency of the appeal, should give an undertaking in the prescribed form and manner in the sum of $5,000 to perform and abide by any final judgment rendered in plaintiff's favor, and in case defendant should so give this undertaking, then the order restraining proceedings during the pendency of the appeal should thereafter cease to be effective. The defendant thereafter gave the undertaking in the sum of $5,000 as pre-

scribed. After the appeal was perfected plaintiff obtained an order from this court restraining defendant from taking any further steps in the arbitration proceedings during the pendency of this appeal.

For the appellant there was a brief by *W. F. Bailey,* attorney, and *Winkler, Flanders, Smith, Bottum & Fawcett,* of counsel, and a separate brief signed also by *F. C. Winkler,* of counsel, and oral argument by *Mr. Winkler* and *Mr. Bailey.*

*James Wickham,* for the respondents.

SIEBECKER, J. The grounds presented for reversal of the order of the court, which denies plaintiff's application for a temporary injunction, are, that if defendant be permitted to proceed with the arbitration under the right alleged to be under and pursuant to the franchise it will create a cloud upon plaintiff's title to the waterworks plant, and compel plaintiff to incur great and unnecessary expense in connection with such proceedings during the pendency of the action, and subject it to great annoyance and vexation in such proceedings and in the management and enjoyment of its property, and also subject it to a multiplicity of actions. Appellant's counsel frankly meet the question and concede that the trial court's refusal to grant the relief asked for cannot be attacked unless the record discloses "a reasonable probability of plaintiff's ultimate success," and that the refusal to grant the injunction "will render futile, in considerable degree, the judgment sought, or cause serious and irreparable injury to [the] party." *De Pauw v. Oxley,* 122 Wis. 656, 659, 100 N. W. 1028. The question is therefore presented: Will plaintiff suffer serious and irreparable injury, or, in the event of its final success in the action, will any judgment it seeks become fruitless in material and substantial respects, if the defendant should proceed with the arbitration as it threatens to do unless restrained by the court? We will consider the questions upon the assumption that the complaint states facts sufficient

to constitute a cause of action, though we do not pass opinion on this question and reserve it as undetermined.

It is contended that the prosecution to completion of the arbitration for the valuation of the waterworks plant will create a cloud upon plaintiff's title and thereby invade plaintiff's right to the enjoyment of this property. We are unable to perceive in what respect the arbitration can so affect plaintiff, and no particulars are suggested whereby the arbitration can substantially interfere with its rights and its enjoyment of the property and make them materially different from anything that existed before the arbitration was instituted. No right other than such as theretofore existed is asserted or claimed. The proceeding is simply an assertion of a right claimed by the defendant under the contract, and, if legal, this was as effectual and as valid a claim before the arbitration as subsequent thereto.

Again, it is claimed that if the arbitration be proceeded with the plaintiff will be subjected to great annoyance and vexation in the proceeding and in the management and enjoyment of the plant. We are again led to inquire whether there is any substantial ground of complaint alleged here. It may be true that an appraisement will compel plaintiff to participate in the proceedings to bring about a correct valuation, and require that it devote time and attention to the accomplishment of such a result, yet such an imposition cannot be regarded as an annoyance and vexation to plaintiff's legal rights for which it has no redress because of irreparable injury. The annoyance incident to the determination of the rights of the parties under the franchise is in no sense regarded as a ground for the equitable relief sought.

It is furthermore claimed that, if defendant actually proceeds with the arbitration, then plaintiff will necessarily be compelled to incur great expense in connection therewith. This claim is undoubtedly well founded, but we are unable to find in it a justifiable ground for this equitable relief. Unless it appears that the imposition of such expense will do

irreparable injury, defendant cannot be restrained from taking necessary steps to enforce an allèged right under an admitted contract simply because its acts will impose expense on the plaintiff. As this court has declared:

"An injury is irreparable when it is of such a nature that the injured party cannot be adequately compensated therefor in damages, or when the damages which may result therefrom cannot be measured by any certain pecuniary standard." *Wilson v. Mineral Point,* 39 Wis. 160.

Whatever damages may be incurred by way of expense and services in connection with the arbitration can readily be measured by a pecuniary standard and adequately compensated. We discover no ground that entitles plaintiff to the temporary injunction.

Should defendant elect to proceed with the arbitration during the pendency of this action, it seems just and appropriate that defendant should be required to secure the payment of any bill of expense which plaintiff, should it finally succeed in this action, may reasonably incur in connection with the arbitration proceeding. To accomplish this, the circuit court should grant an order restraining defendant from proceeding with the arbitration unless the defendant, at some time during the pendency of the action, give an undertaking with sufficient sureties, in a sum specified by the court, to indemnify plaintiff for the payment of all reasonable expenses incurred by it in such arbitration, and upon the giving of such undertaking by the defendant the temporary order should be deemed vacated and no longer effective for any purpose. As to the amount of such an undertaking, we are of the opinion that $5,000 would be reasonable.

We must therefore reverse the order appealed from and direct that the court grant an order as above indicated. The restraining order of this court will continue in force until the circuit court enters the order as herein directed.

*By the Court.*—It is so ordered.