BUTTERICK PUBLISHING COMPANY, Respondent, vs. ROSE, Appellant.

*January 13—February 1, 1910.*

*Contracts: Construction: Certainty: Implied covenants: Injunction against violation: Mutuality of remedy: Restraint of trade: Monopolies: Controlling prices: Patented articles: Adequate remedy at law: Pleading: Demurrer.*

1. A contract by which plaintiff made the defendant its agent for the sale of patterns and agreed to sell and deliver patterns to him at fifty per cent. of the retail price, and defendant agreed to keep on hand patterns to a certain amount at fifty per cent. of the retail price and not to sell them except at "label prices," indicates that the retail price is stamped on each pattern and is not uncertain as to the quantity which defendant is to purchase or as to the price he is to pay therefor.

2. In such a contract there is an implied covenant on the part of plaintiff to furnish such patterns, to the amount named, as defendant may select out of plaintiff's stock.

3. There being mutuality of obligation in a contract of agency for the sale of certain goods, a covenant therein by the agent not to sell like goods of other manufacturers may be enforced by injunction, even though specific performance of the covenants of the other party could not be enforced,—mutuality of remedy not being necessary in such case.

4. The patentee of an article may sell it to whom he pleases or may refuse to sell it at all; he may by contract with purchasers from him fix the retail price at which they may sell the article, and may lawfully stipulate that sales agents appointed by him shall not sell other articles of a like character.

5. Sec. 1770*g*, Stats. (Laws of 1905, ch. 506, sec. 2), does not apply to contracts relating to the sale of a patented article.

6. State legislation restricting the rights which a patentee acquires under the constitution and laws of the United States is invalid.

7. Violation of a contract by which an agent for the sale of plaintiff's patterns agreed not to sell the patterns of any other makers may be restrained by injunction,—the remedy at law not being adequate because of the difficulty or impossibility of measuring the damages.

8. Where a complaint states a cause of action to restrain defendant from advertising and selling the patterns of other makers in violation of a contract with plaintiff, a general demurrer thereto cannot be sustained on the ground that plaintiff is indirectly endeavoring to compel defendant to perform an executory contract calling for personal services in the sale of plaintiff's patterns.

APPEAL from an order of the circuit court for Wood county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

This action arose out of a written contract, by the terms of which the plaintiff granted to the defendant the right to act as special agent for the sale of its patterns. By the contract plaintiff agreed to sell and deliver, f. o. b. New York or Chicago, patterns at fifty per cent. of retail prices, and agreed to allow the defendant to return twice during the year, at nine tenths of the price paid for them, in exchange for new patterns to be thereafter shipped, the patterns purchased under the contract. The plaintiff further agreed to permit the sum. of $150, part of the purchase price of the patterns, to stand unpaid on its books as a standing credit, to bear interest at three per cent. per annum, and to become due and payable at the termination of the agreement. In consideration thereof the defendant agreed to purchase from the plaintiff, and keep on hand for sale during the life of the contract, except for certain excepted months, patterns to the amount of $200 at

fifty per cent. of retail prices, and to allow the plaintiff to examine and take an account of the pattern stock at any time it might desire. The defendant also agreed to purchase a certain amount of advertising matter and to pay the plaintiff for patterns to be furnished it as original stock the sum of $50 in a specified manner, and to pay for other goods purchased from the plaintiff on or before the 15th day of each month succeeding the month of the purchase. The defendant agreed to keep his patterns on the ground floor and to have a lady attendant take charge of them, and further agreed not to sell or permit to be sold on his premises, during the term of the contract, any other make of patterns, and not to sell Butterick patterns except at label prices, and also agreed not to remove the pattern stock from its original location, nor assign it or the agency without the written consent of the plaintiff. It was further agreed that the contract should remain in force for three years from March 1, 1909, and from year to year thereafter, unless terminated in the manner specified.

The complaint set out the contract in full; the fact that the defendant was running a large department store at Marshfield, Wisconsin; the further fact that, pursuant to the contract, the plaintiff shipped a certain consignment of patterns to the defendant, amounting to $75.42 at fifty per cent. of the retail price, which patterns defendant refused to accept or pay for; that the defendant offered for sale another and a different stock of patterns, made by another company which was in active competition with the plaintiff; that defendant paid no attention to the sale of Butterick patterns nor to advertising the same, but on the contrary did advertise the patterns of the competing company; that before the commencement of the action the plaintiff demanded of the defendant that he withdraw from sale all patterns not manufactured by the plaintiff, which demand the defendant refused to comply with; that the defendant further asserted that he would not desist from selling patterns other than those made by the

plaintiff.    Plaintiff further alleges that it will suffer irreparable loss and injury if defendant is permitted to break his contract with plaintiff, and that plaintiff will be damaged in its business if defendant sells the patterns of its competitors, and that, by reason of the breaches of the contract already committed by the defendant, plaintiff has been damaged in a large sum of money, the greater portion of the amount of such damages not being capable of ascertainment. It is further alleged that the defendant threatens to, intends to, and will, unless restrained by order of the court during the continuance of this action, continue to sell other makes of patterns in violation of his contract with the plaintiff, which acts if done will produce injury to the plaintiff.

As relief, plaintiff demanded judgment enjoining the defendant, until after the expiration of the contract, from advertising, selling, or distributing patterns, fashion sheets, catalogs, or other literature or printed matter of any pattern manufacturer other than the plaintiff, and also enjoining him from using his store, business, agents, or clerks to further or advance the interests of any pattern manufacturer other than the plaintiff, and that plaintiff recover judgment against the defendant for all damages already suffered that are ascertainable, and for such other relief as might be equitable.

The defendant demurred to the complaint on the ground that it did not state a cause of action.    From an order overruling such demurrer this appeal is taken.

For the appellant the cause was submitted on the brief of *John F. Cole,* attorney, and *Geo. L. Williams,* of counsel.

For the respondent there was a brief by *Sturdevant & Farr,* and oral argument by *L. M. Sturdevant.*

BARNES, J.    1. The appellant contends that the contract sued on is void because of uncertainty as to the quantity which he should purchase and the price which he should pay for the goods bought thereunder.    This court cannot say as a matter

of law that the retail price of the articles covered by the contract is not a matter that can be definitely ascertained. The contract provides that the patterns shall not be sold by defendant except at "label prices," which would indicate that there was stamped on each pattern the retail price at which it should be sold. Defendant is required to keep on hand patterns to the amount of $200 at fifty per cent. of the retail prices. There is no indefiniteness about this provision where each pattern has the retail price marked thereon. The defendant having obligated himself to buy patterns to this amount, there is an implied covenant on plaintiff's part that it will furnish such goods to that amount as defendant may see fit to select out of plaintiff's stock. *Manning v. Galland-Henning P. M. D. Mfg. Co., ante,* p. 199, 124 N. W. 291, and cases cited therein.

2. Appellant next contends that the contract is void for want of mutuality. In support of such claim it is urged that the plaintiff is seeking by injunction to enforce the negative covenant in the contract not to sell the goods of other manufacturers, that specific performance could not be enforced by defendant should plaintiff refuse to perform, and that unless there is mutuality of remedy as well as of obligation equity will not interfere. It has already been said that there is mutuality of obligation under this contract. It is not necessary that there should also be mutuality of remedy in order to enable the plaintiff to enforce such a negative covenant as is found in the contract sued on. It is so held in a case involving the same contract as is here involved, except that the purchaser was different. *Butterick P. Co. v. Fisher,* 203 Mass. 122, 89 N. E. 189. And in reference to contracts identical in form with the one sued on. *Standard F. Co. v. Ostrom,* 16 App. Div. 220, 44 N. Y. Supp. 666, and *Standard F. Co. v. Siegel-Cooper Co.* 30 App. Div. 564, 52 N. Y. Supp. 433, affirmed on appeal, 157 N. Y. 60, 51 N. E. 408. And in reference to contracts involving the same principle. *Ropes*

*v. Upton,* 125 Mass. 258; *W. U. Tel. Co. v. Rogers,* 42 N. J. Eq. 311, 11 Atl. 13; *Myers v. Steel M. Co.* 67 N. J. Eq. 300, 57 Atl. 1080; *Ferris v. American B. Co.* 155 Ind. 539, 58 N. E. 701; *Waldorf-Astoria S. Co. v. Salomon,* 109 App. Div. 65, 95 N. Y. Supp. 1053, affirmed 184 N. Y. 584, 77 N. E. 1197; *Southern F. B. & C. Co. v. Garden City S. Co.* 223 Ill. 616, 79 N. E. 313; *General E. Co. v. Westinghouse E. Co.* 151 Fed. 664; *Calt v. Tourle,* 4 Ch. App. Cas. 654; 1 Joyce, Injunctions (1909), § 457.

3. It is next contended that the contract is in restraint of trade and that it therefore violates the provisions of sec. 1770*g,* Stats. (Laws of 1905, ch. 506, sec. 2), and is void. While, under the patent laws, a patent creates a monopoly, it is not a monopoly of what existed before and belonged to others, which is the true idea of a monopoly, but it is a monopoly of what did not exist before and what belongs to the patentee. In consequence it does not create an odious monopoly, and the rights of patentees thereunder are to be liberally construed. 30 Cyc. 816, and cases cited. The patentee of an article may sell it to whom he pleases or may refuse to sell it at all. He may stipulate the retail price at which the purchaser from him may sell the article, and may lawfully obligate a special agent appointed by him to sell his article to the exclusion of other articles of a like character. *Edison P. Co. v. Kaufmann,* 105 Fed. 960; *Edison P. Co. v. Pike,* 116 Fed. 863; *National P. Co. v. Schlegel,* 117 Fed. 624; *Victor T. M. Co. v. The Fair,* 123 Fed. 424. We do not think that the legislature intended to extend the provisions of sec. 1770*g* to contracts made in reference to the sale of a patented article. If it did attempt to restrict the rights which a patentee acquires under the constitution and laws of the United States, the legislation could not be upheld. *United States C. S. R. Co. v. Griffin & S. Co.* 126 Fed. 364; *Bement v. Nat. H. Co.* 186 U. S. 70, 22 Sup. Ct. 747. The constitution and all laws made in pursuance thereof constitute the supreme law of

the land. Art. VI, Const. of U. S. Congress is empowered by the constitution to promote the progress of science and useful arts by securing for limited times to authors and inventors the exclusive rights to their respective writings and discoveries. Sec. 8, art. I, Const. of U. S. This state could pass no law which materially abridged any right conferred on an inventor by a federal law passed in pursuance of the power above granted.

4. It is next urged upon us that the action is not maintainable because the plaintiff has an adequate remedy by an action at law to recover the damages sustained by reason of the breach of the contract. From a practical standpoint it would be impossible to measure the damage which plaintiff might sustain by reason of the defendant advertising patterns made by a rival company that was a competitor of plaintiff. So, too, the loss which plaintiff might sustain by reason of the defendant selling other makes of patterns would be most difficult of ascertainment, if it could be shown at all with sufficient certainty to be made the basis of a claim for damages. The objection that there is an adequate remedy at law will not defeat a suit in equity, unless the legal remedy is as adequate, comprehensive, and effectual as that afforded by a court of equity. *Lawson v. Menasha W. Co.* 59 Wis. 393, 397, 18 N. W. 440. An injury will be enjoined as irreparable if its nature be such that it cannot be adequately compensated in damages or cannot be measured by any certain pecuniary standard. *Wilson v. Mineral Point,* 39 Wis. 160, 164; *Eau Claire W. Co. v. Eau Claire,* 127 Wis. 154, 159, 106 N. W. 679.

5. Lastly it is argued that the real remedy sought to be enforced amounts to an attempt to compel the defendant, by indirection, to perform an executory contract calling for personal services, and the case of *Chain B. Co. v. Von Spreckelsen,* 117 Wis. 106, 94 N. W. 78, is cited to show that such an action will not lie. This court is called upon to say whether

or not a cause of action is stated in the complaint. It does state facts which entitle plaintiff to relief by injunction restraining the defendant from advertising or selling other makes of patterns while its contract with plaintiff is in force. A cause of action being stated, we cannot reverse the order because the plaintiff may, by indirection or otherwise, seek some relief to which it is not entitled, nor assume that the trial court will finally grant improper relief.

*By the Court.*—Order affirmed.